A legislative inquiry has given rise to two proceedings: An application by the present appellant — which was denied by Special Term — for an order vacating a subpoena duces tecum,
wherein is challenged the power of a committee of the Legislature to require the production of the appellant's membership list; and an application by such legislative committee — which was granted by Special Term — for a contempt order, wherein is challenged the power of that committee to require compliance with its subpoena before a sub-committee consisting of one member.
The present appeals are by our permission from orders of the Appellate Division unanimously affirming the orders at Special Term. These orders have as their bases certain facts, not in controversy, which are common to each proceeding and to which consideration will first be given.
The respondent is a Joint Legislative Committee to Investigate the Educational System of the State of New York, appointed pursuant to a joint resolution of the Senate and Assembly adopted March 29, 1940. After defining in detail the field of inquiry, including the numerous branches of the educational system of the State, its various activities and the methods by which are allocated the funds of the State to meet the cost of public education, the joint resolution extends the investigation to include "every other matter or thing not specifically set forth herein which may be deemed by such committee to be relevant to the general subject of its study * * * as though the same had been expressly set forth herein." To accomplish this broad inquiry the Joint Resolution further provides:
"2. That such committee shall consist of six members appointed by the temporary president of the Senate, four of whom shall be Senators and the other two may but need not be Senators, and seven members appointed by the speaker of the Assembly, five of whom shall be members of the Assembly and the other two may but need not be members of the Assembly. *Page 7 
"3. That such committee is authorized to choose a chairman and vice-chairman from its members to adopt rules for the conduct of its proceedings, to employ a secretary, counsel, investigators and such other assistants and employees as it may deem necessary.
"4. * * *
"5. * * *
"6. That such committee is authorized to sit in one or more parts at any place within the state and hold either public or private hearings.
"7. That such committee and each member thereof shall havepower to administer oaths, take testimony, subpoena and compelthe attendance of witnesses and the production of all books,papers, records or documents deemed material or pertinent to itswork, and shall generally have, possess and exercise all of thepowers of a legislative committee as provided by the legislativelaw." (Emphasis supplied.)
Upon the organization of the Joint Legislative Committee and in accord with the Joint Resolution, Senator Frederic R. Coudert, Jr., was chosen vice-chairman and thereafter a resolution was adopted by the committee which provided in part: "Resolved that this Committee and each member thereof be authorized to sit at said offices or elsewhere and hold either public or private hearings, and that each member of this Committee shall have power to administer oaths, take testimony, subpoena and compel the attendance of witnesses and the production of all books, papers, records or documents which he may deem material or pertinent to the work of the Committee and that hearings, either public or private, may be held before any member of this Committee sitting as a sub-committee of one."
In the course of the legislative inquiry conducted by the respondent committee as thus organized, a subpoena duces tecum,
addressed to "The Teachers Union of the City of New York, by Charles J. Hendley, President, 114 East 16th Street, New York City," was served upon Mr. Hendley calling upon him as such officer to appear before the respondent Joint Legislative Committee at a stated time and place, and then and there to produce certain papers and *Page 8 
documents, including the membership lists, past and present, of the appellant union. Before the return of the process the appellant applied at Special Term for an order to vacate the subpoena.
We are thus brought to a consideration of the order in the first of the two proceedings before us, in which the Appellate Division has affirmed the order of Special Term denying the appellant's application to vacate a subpoena duces tecum.
We have examined with care the statements of alleged facts found in affidavits submitted by both parties which relate to the appellant's contentions that the subpoena duces tecum issued by the committee lacks authority in law. In no instance do we find facts stated in support of the appellant's position sufficient to overcome the presumption, in which we are required to indulge, "* * * that the action of the legislative body was with a legitimate object * * *. The same principle which renders it the duty of the courts to hold legislative action illegal when it unduly encroaches upon the province of the judiciary, forbids interference by the latter with the action of legislative bodies or the exercise of their discretion in matters within the range of their constitutional powers." (People ex rel. McDonald v.Keeler, 99 N.Y. 463, 487.)
The law-making power given to the Legislature authorizes it, by inquiry, to ascertain facts which affect public welfare and the affairs of government. Such power of inquiry, with process to enforce it, is an essential auxiliary to the legislative function. (Wilckens v. Willet, 1 Keyes, 521, 525; People exrel. McDonald v. Keeler, supra, 481, 482.) "A legislative body may act upon common knowledge or information voluntarily contributed. At times it stands in need of more. There is then power to investigate by subpoena under the sanction of an oath." (People ex rel. Karlin v. Culkin, 248 N.Y. 465, 478;McGrain v. Daugherty, 273 U.S. 135, 174.) Upon such inquiries the Legislature may compel the attendance of witnesses and the production of documentary evidence to the end that it may perform its constitutional functions by the enactment of laws to *Page 9 
correct public dangers — either real or apprehended. This power may be delegated to a committee. (Briggs v. Mackellar, 2 Abb. Pr. 30; Burnham v. Morrissey, 14 Gray [Mass.], 226; People
v. Learned, 5 Hun, 626; McGrain v. Daugherty, supra, p. 175; Sinclair v. United States, 279 U.S. 263.)
In the present proceeding, as we have seen, we must assume that the legislative inquiry was well intended. If a subpoena is to be quashed in advance of a committee hearing, upon a forecast of the testimony sought and arguments as to its probable effect, the purpose of the inquiry may be thwarted. We cannot say as matter of law, upon the record at hand, that the subpoena now challenged would be futile as an aid to the legislative inquiry instituted by the Joint Resolution. It is only when futility of such process is inevitable or obvious that there must be "a halt upon the threshold" of the inquiry. (Matter of Edge-Ho Holding Corp.,256 N.Y. 374, 382.) Proof of such futility is not in the record before us.
Passing to a consideration of the question presented by the second proceeding, it appears that after the appellant's motion to vacate the subpoena duces tecum had been denied at Special Term, Mr. Hendley, as president of the Teachers Union of the City of New York, appeared before the Joint Legislative Committee at a meeting thereof at which the only member present was Senator Coudert, its vice-chairman. Upon demand being made of Mr. Hendley that he produce documents called for by the subpoena ducestecum, he produced some of the records specified therein but refused, upon demand therefor made by the vice-chairman of the committee, to produce the membership list of the appellant union. Thereafter, upon an application at Special Term for an order addressed to and served upon Mr. Hendley, as president of that union, directing him to show cause why he should not be adjudged guilty of contempt, Senator Coudert sought to compel the production of the membership list. An order to commit Mr. Hendley for contumacious conduct was granted at Special Term and has been unanimously affirmed by the Appellate Division.
We find in the Joint Resolution, quoted in part above, authorization given to the Joint Legislative Committee to *Page 10 
sit "in one or more parts" and "each member thereof" is empowered to administer oaths, take testimony, subpoena witnesses and "compel" the production of records and documents deemed material (subds. 6 and 7). It is also provided (subd. 7) that "each member * * * shall generally have, possess and exercise all of the powers of a legislative committee as provided by the legislative law." These provisions of the Joint Resolution authorized Senator Coudert as a subcommittee of one to issue thesubpoena duces tecum which was served upon Mr. Hendley. The same provisions when read with section 62-a of the Legislative Law (Cons. Laws, ch. 32) and subdivision 3 of section 406 of the Civil Practice Act, gave Senator Coudert authority by contempt proceedings to compel the production of the membership list specified in the subpoena. "The power to legislate carries with it by necessary implication ample authority to obtain information needed in the rightful exercise of that power, and to employ compulsory process for the purpose." (McGrain v. Daugherty,supra, p. 165. See, also, Matter of Doyle, 257 N.Y. 244, 259,261; People ex rel. Hastings v. Hofstadter, 258 N.Y. 425,433, 434.)
The single member of the subcommittee whose authority is challenged by the appellant in this proceeding, is a member of the Legislature. The question whether such a challenge would be sustained, if directed to the authority of a subcommittee of which a non-member of the Legislature is the single member, is not before us for decision.
The orders should be affirmed, without costs.
LOUGHRAN, FINCH, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J., and RIPPEY, J., dissent from the decision so far as it affirms the order in the proceeding to punish for contempt on the sole ground that the resolution of the Legislature properly construed does not authorize the committee to appoint a subcommittee of one, even assuming for the purpose of this appeal that the Legislature by resolution has power to grant such authority to a committee which includes persons who are not members of the Legislature.
Orders affirmed. *Page 11