Harold A. Stevens, J.
Plaintiffs move for an injunction pendente lite to restrain defendants from using a certain recording or recordings of conversations between plaintiffs as attorney and client.
Plaintiff Cosentino alleges that he was retained as counsel for plaintiff Lanza, that in such capacity he visited him at the prison in which Lanza was incarcerated, that without the knowledge or consent of either, an electronic device had been installed to and which did record their conversation and that defendants now propose to publicize or broadcast the recording, a copy or transcription thereof. Plaintiffs contend this is an invasion of the privilege existing between attorney and client.
Defendants argue that the record held by them is a copy of a copy which has been heard by others in transcribing same, and therefore no privilege exists. They contend that there is no power in this court to restrain its use by defendants, that the conversation having been overheard (by electronic device) no privilege attaches, that Cosentino was not the attorney for Lanza, but even if he was, no privilege attaches.
Defendants contend that being a validly constituted legislative committee, and their ultimate objective being within the authority granted, we have no power to interfere with their discretion as to the admission of any evidence however obtained. *326 They cite Matter of Joint Legislative Committee (Teachers Union) (285 N. Y. 1) in support of their position. That portion of the case to which they refer was an application to vacate a subpoena duces tecum and challenged the power of a joint legislative committee to require the production of appellant’s membership list. The court held that the committee had the power to issue such a subpoena, and used language to which our attention is directed forbidding (p. 8) “ ‘ interference by the latter [court] with the action of legislative bodies or the exercise of their discretion in matters within the range of their constitutional powers ’ ”. That case has no application here. There was no specific privilege, existing in law, involved in that case, and as the court pointed out they could not say, in advance, as a matter of law that the challenged subpoena would be futile as an aid to the legislative inquiry.
Though a committee be regularly and validly constituted, its objective legitimate and within the framework of the power conferred, that is not a license to use any and all methods for the acquisition of information. We are still a government of laws, and the courts will seek to protect the rights of persons against possible abuse in the invasion of established or recognized rights. The committee is not above the law if it infringes upon an area not impliedly or actually necessary to the performance of its proper functions, or seeks to negate a privilege long recognized in the law. It is immaterial that one of the parties is a convicted person. It is of equal importance that the rights of such a person be protected as that those of a person first accused be safeguarded. A system of law dual in interpretation and application could not long endure, nor could a government founded upon such a system survive indefinitely.
But, the committee argues, this conversation was overheard (by an electronic device) subsequently transcribed, and heard by the persons transcribing same so the privilege is lost. It is true that the courts have said a communication is not confidential if made in the presence of a third person, and not privileged if a telephonic conversation is intercepted. In the first instance it is apparent that the communication was not made with the intention of confidentiality. In the second, the party aware of certain risks attendant upon the method of communication selected, assumed those risks.
Here we have a situation where an attorney sought to confer with his client. Under time-honored custom, sanctioned in common law, reaffirmed in New York by statute, a privilege attached if the communication was both professional and confidential. The very aura surrounding the visit, to wit, the signing *327 of the counsel book, the ushering of counsel into a special room where he and his client could be and were alone, evinces the intention of confidentiality. We find on the papers before us that plaintiff Cosentino was the attorney for Lanza at that time. The three affidavits of three parole officers dated April 26, 1957, which were not served on plaintiffs up to the time of the hearing of the motion, are remarkably similar in language and conclusions and do not convince us to the contrary. The plaintiffs and Lanza’s present counsel state that Cosentino was Lanza’s attorney. It would seem that the two officers of the court and the former parolee are better equipped than the Parole Board to determine the relationship.
This is not the case of a private third person overhearing a conversation because of the fault or carelessness of one or both parties. Obviously under such a condition there is no privilege for the parties have impliedly waived the privilege by failure to exercise that degree of care consonant with the importance of the situation.
The argument that the electronic device is comparable to a third person, though neither party was aware of or consented to its use, is without merit.
The contention of defendants that they did no wrong but are merely seeking to use the fruits of the acts of others whether such acts were right or wrong, reveals a callousness unexpected. The failure to plead mea culpa cannot obscure the facts. This legislative committee is a representative of the sovereign power, so was the agency — individual or collective — which installed and/or operated the device. To permit the one to benefit by the wrong of the other is to make a mockery of the privilege.
The privilege was grounded in good reason and sound policy — to permit men to confer and consult freely that their rights might be preserved or protected. The privilege does not attach where the conversation refers to future wrongdoing, and there is no such contention here.
When the privilege was created it took cognizance of conditions then existing. True, the theory changed from the honor of the lawyer to embrace and include the apprehensions of the client. Equally true is it that originally it probably dealt only with testimonial compulsion. Who could foresee the development of electronic devices making useless the most elaborate precautions to safeguard the confidences of attorney and client? Yet law is neither static nor inflexibly rigid. It is to be construed to effectuate the purpose intended, and therefore must be given a liberal construction. Indeed to hold or sanction the installation of such devices in counsel rooms, is to render worth *328 less the privilege, and deprive any accused of a basic right under our law — the right to a free and impartial trial. It would only be necessary for one agency of government to commit the act — pass over the results to another agency which might sanctimoniously disclaim responsibility but enjoy the fruits thereof. The use of such a subterfuge is unworthy of the sovereign.
Motion granted. Temporary injunction continued. Settle order.