TOWN OF PUTNAM VALLEY, Respondent, *v.* SAMUEL L. SLUTZKY, Appellant.

Argued May 22, 1940; decided July 24, 1940.

*I. Maurice Wormser* and *Arnold E. Feldman* for appellant. The fees of a non-salaried justice of the peace are codified by section 740-a of the Code of Criminal Procedure. Subdivision 2 of section 27 of the Town Law (Cons. Laws, ch. 62) does not amend, repeal or otherwise affect such section. (*People ex rel. City of Buffalo* v. *New York C. & H. R. R. R. Co.,* 156 N. Y. 570; *Dobson* v. *Village of Oneida,* 106 App. Div. 377; *People* v. *Jackson,* 36 Misc. Rep. 282; *Matter of Birmingham,* 240 App. Div. 995; *Matter of Rinn,* 242 App. Div. 523; *People* v. *Dwyer,* 215 N. Y. 46; *People* v. *Koenig,* 9 App. Div. 436; *Heckmann* v. *Pinkney,* 81 N. Y. 215; *People* v. *Jaehne,* 103 N. Y. 182; *Union Free School District* v. *Town of Rye,* 256 App. Div. 456; 280 N. Y. 469; *McIntosh* v. *Furth,* 26 Pac. Rep. 79; *Furnia* v. *Grays Harbor County,* 158 Wash. 619; *United States* v. *Morse,* 3 Story, 87.) A justice of the peace sitting as a Court of Special Sessions is a constitutional officer. In a town of the second class not operating under the budget system the criminal fees of a non-salaried justice of the peace are prescribed solely by section 740-a of the Code of Criminal Procedure.

(*Calvin* v. *Town of Brant*, 172 N. Y. Supp. 738; *People* v. *Keeler*, 25 Barb. 23; *People ex rel. Burby* v. *Howland*, 17 App. Div. 165; 155 N. Y. 270; *Matter of Voorhees* v. *Kopler*, 239 App. Div. 83.)

*Laurence E. Degner* and *Alfred J. Loew* for New York State Magistrates Association, *amicus curiæ.* Subdivision 2 of section 27 of the Town Law does not limit the compensation of a justice of the peace to $3,000 per annum as it expressly exempts services for which compensation is otherwise authorized by law. (*Colvin* v. *Town of Brant*, 172 N. Y. Supp. 738; *Matter of Town of Hempstead*, 36 App. Div. 321; *People ex rel. Van Denbergh* v. *Town Board*, 254 App. Div. 54.) Subdivision 2 of section 27 of the Town Law may not be construed to repeal by implication section 740-a of the Code of Criminal Procedure. (*Matter of Birmingham* v. *Abrams*, 240 App. Div. 995; *Horowitz* v. *Weinberg*, 156 Misc. Rep. 629; 246 App. Div. 701.) Section 19 of article 6 of the State Constitution provides that no judicial officer except a justice of the peace shall receive to his own use any fees or perquisites of office and if subdivision 2 of section 27 of the Town Law is construed to limit or forbid such right it is unconstitutional. (*People ex rel. Burby* v. *Howland*, 17 App. Div. 165; 155 N. Y. 270; *Loew* v. *McNeil*, 170 Misc. Rep. 647; 279 N. Y. 806.)

*Israel Ben Scheiber* and *Harry Levy* for respondent. Defendant for all his services as a justice of the peace of the respondent town was entitled to a maximum compensation of $3,000 for the year. (*Matter of Town of Hempstead*, 36 App. Div. 321.) Defendant is a town officer within the meaning of subdivision 2 of section 27 of the Town Law and his annual aggregate compensation is limited by that section to $3,000. (*People ex rel. Burby* v. *Howland*, 17 App. Div. 165; 155 N. Y. 270; *Matter of Gertum* v. *Board of Supervisors*, 109 N. Y. 170.) Subdivision 2 of section 27 of the Town Law is a constitutional exercise of legislative power. (*People ex rel. Burby* v.

*Howland,* 155 N. Y. 270; *People ex rel. Luyster* v. *Cocks,* 172 App. Div. 737; 219 N. Y. 628.) The General Construction Law (Cons. Laws, ch. 22) does not invalidate subdivision 2 of section 27 of the Town Law which clearly fixes a maximum compensation. That section does not conflict with section 740-a of the Code of Criminal Procedure. (*Matter of Bronson,* 150 N. Y. 1; *Davidson* v. *Witthaus,* 106 App. Div. 182; *Rubin* v. *Bernstein,* 133 Misc. Rep. 95; *Matter of Tiffany,* 179 N. Y. 455; *Matter of Wallace,* 36 Misc. Rep. 1.)

RIPPEY, J. This action was brought by the town of Putnam Valley to recover from the defendant, a justice of the peace of that town, the sum of twelve hundred thirty dollars and thirty-five cents ($1,230.35) which the plaintiff asserts was unlawfully paid to defendant by the town during the year 1937 on account of claims made by him for compensation for services in criminal proceedings conducted by him during that period. It was alleged that the payments were made under a mistake of law in that the town board did not know at the time of audit and payment, of the limitation on the amount of compensation payable to a justice of the peace under section 27, subdivision 2, of the Town Law (Cons. Laws, ch. 62). In the answer, defendant denies that the payment was excessive or otherwise unlawfully made or that it was made under a mistake of law and sets up affirmative defenses to the effect that the claims for compensation were valid in all respects and in accord with applicable law and that the claims were validly and legally audited and paid by the town board. Each party moved for summary judgment. There being no dispute as to the facts, the Justice at Special Term granted plaintiff's motion and denied defendant's motion and judgment was entered accordingly. Upon appeal to the Appellate Division, second department, the judgment was unanimously affirmed but leave was granted to appeal to this court.

It appears that defendant was a duly elected and acting justice of the peace of the town of Putnam Valley, a town

of the second class which was not operating under the budget system authorized by sections 110–121, inclusive, of the Town Law, that no board had fixed the amount of his fees in criminal proceedings and that the amount of such fees was nowhere fixed except in section 740-a of the Code of Criminal Procedure; that, as such justice of the peace during the year 1937, defendant presided at duly constituted Courts of Special Sessions within the town of Putnam Valley in nine hundred and twenty-nine (929) criminal cases under and pursuant to the criminal jurisdiction conferred upon a justice of the peace by the Constitution and laws of the State of New York in which he collected fines of $8,401 which fines were turned over to and accepted by the plaintiff; that he duly presented claims to the town for fees for services rendered in such criminal cases, by the authority of article VI, section 19, of the Constitution of the State as then written and sections 102, subdivision 9, and 103 of the Town Law according to the schedule of fees allowable under section 740-a of the Code of Criminal Procedure, in the aggregate sum of $4,055.35 which claims the plaintiff duly audited and paid; and that, during the same period, defendant, as a duly constituted member of the town board and of other boards, attended board meetings and committee meetings in furtherance of his duties of town officer and member of the town board of plaintiff for which he presented claims for services, pursuant to section 27, subdivision 2, of the Town Law, aggregating the sum of $185 which claims were, without dispute here, duly audited by the town board at $175 and lawfully paid. It has been stipulated by defendant that he does not urge the defense of voluntary payment.

The town does not claim nor attempt in any manner to assert here that the defendant is not entitled to compensation for services performed by defendant as a member of the town board or that he is not entitled to fees in criminal cases in which he presided at the rates fixed in section 740-a of the Code of Criminal Procedure, but insists that the gross amount of compensation and fees which he may

receive for the eleven months specified could not exceed the sum of three thousand dollars under every and all relevant statutory provisions. Reliance for sustaining that position is placed exclusively upon section 27, subdivision 2, of the Town Law, which, it is urged, provides the absolute ceiling beyond which his total compensation cannot go. That section, so far as material, reads: " Town officers in towns of the second class, except towns which shall have adopted the budget system as provided by sections one hundred ten to one hundred twenty-one, inclusive, of this chapter, shall be entitled to compensation at the following rates for each day actually and necessarily devoted by them to the service of the town in the duties of their respective offices, *except for services for which a compensation is otherwise authorized by law:* The supervisor, town clerk and justices of the peace, such an amount as the town board may determine, but in no event to exceed six dollars per day. * * * Nor shall the total compensation of said supervisor for services rendered the town, including the allowance to him under authority of section one hundred ten of the highway law, or of any other town officer in such a town, exceed the sum of three thousand dollars per annum." (Italics ours.)   (L. 1932, ch. 634, § 27, subd. 2.)

It is asserted that the foregoing provision of the Town Law limiting the total compensation of a justice of the peace in a town of the second class supersedes every other earlier provision of law to the extent inconsistent with that limitation and, to the extent of such inconsistency, every other act relating to such compensation was by implication repealed.   With that contention we are unable to agree.

The origin and history of the office of justice of the peace and of his jurisdiction in civil and criminal cases has heretofore been the subject of judicial comment (*People* v. *Kraft,* 229 App. Div. 281; *People ex rel. Lawrence* v. *Mann,* 97 N. Y. 530; *Matter of Gertum* v. *Board of Supervisors,* 109 N. Y. 170; *People ex rel. Burby* v. *Howland,* 155 N. Y. 270; *People ex rel. Frank* v. *McCann,* 253 N. Y. 221).   By our State Constitutions, the office has been preserved from colonial

times (see art. VI, § 17, Constitution of 1894, and McKinney's notes) as one embracing judicial functions within its scope. There is no constitutional provision which describes the powers and duties of a justice of the peace in towns. The Legislature has, however, enacted general laws which are uniform and apply alike to all justices of the peace in towns throughout the State. Their civil jurisdiction is now prescribed in article 1 of the Justice Court Act (Laws of 1920, ch. 937, as amd.) which had its derivation from the former Code of Civil Procedure and extends to many actions where the amount of recovery is limited. The criminal jurisdiction which they possess is found in various sections of the Code of Criminal Procedure. As Judge VANN says in *People ex rel. Burby* v. *Howland (supra,* p. 278): " Their criminal jurisdiction, as committing magistrates, covers crimes of all grades, and as justices holding Courts of Special Sessions, crimes of the grade of misdemeanor," and he adds by way of definition: "A justice of the peace in towns, therefore, may be defined as a constitutional judge elected by the People for a fixed term, protected from removal except by a judicial tribunal, on notice and for cause, with civil jurisdiction in most actions where the sum claimed does not exceed two hundred dollars, and with criminal jurisdiction to apprehend and commit for all crimes, and to try and convict in cases of misdemeanor." We have found it unnecessary to pause to enumerate or review the various provisions of law in which the jurisdiction of a justice of the peace is defined. It is sufficient to say that no such jurisdiction is conferred under any provision of the Town Law except in section 31, in which it is provided that " the justice of the peace shall have such jurisdiction in criminal and civil matters and in special proceedings, as is now or may hereafter be conferred by law." The Legislature has conferred upon him the designation of " judge " (General Construction Law [Cons. Laws, ch. 22], § 26). Being a constitutional officer, as long as the town exists, his office may not be abolished or the term for which he was elected abridged (*People ex rel. Burby* v. *Howland, supra*) nor his duties transferred to any other inferior court

as a substitute (*Curtin* v. *Barton,* 139 N. Y. 505) nor may his compensation, where already fixed, be increased or diminished during the term for which he has been elected to office. For fees for services performed in civil proceedings compensation is provided by sections 324 and 325 of the Justice Court Act (formerly section 3322 of the Code of Civil Procedure) and in criminal proceedings by sections 740-a, and, when acting as coroner, by section 789-a of the Code of Criminal Procedure. His jurisdiction is not limited to the geographical boundaries of the town. While performing his judicial functions, he is not acting as a town officer for and on behalf of the town within the meaning of section 27, subdivision 2, of the Town Law but, rather, as a part of the judicial system of the State. All fines collected in criminal proceedings must pass to the town (Code Crim. Proc. § 726) and his fees for services must be presented, audited and paid by the town board (Town Law, §§ 102, subd. 9, 103) as computed under section 740-a of the Code of Criminal Procedure.

In addition to the judicial functions which he is authorized and required to perform as a constitutional and judicial officer within the judicial system of the State, he has other functions which he is required to perform for and on behalf of the town and as a town officer (see § 31, subd. 2, and other sections of the Town Law too numerous to detail here) of an administrative and legislative character in which his status is separate and distinct from that of a judicial officer, and for which a compensation is fixed exclusively with sole reference to the performance thereof by section 27, subdivision 2, of the Town Law. The Legislature so conclusively indicated by providing that the compensation referred to in section 27, subdivision 2, was such as is not otherwise authorized by law and by making provision for certain of his fees to be made town charges in section 102, subdivision 9, of the Town Law. Section 147 of the Code of Criminal Procedure includes in the term " magistrate " justices of the peace and there is no definition found in the Town Law to the contrary. Subdivision 9 of section 102

of the Town Law provides, among other things, that fees of magistrates in criminal proceedings in which Courts of Special Sessions have jurisdiction may be fixed by the town board in sums " not exceeding the amount now allowed by law " and adds " and when so fixed, shall supersede as to such town any other provision of law fixing fees or mileage in such case." That is the only provision of the Town Law relating to fees in such cases. Assuming that the town board might have fixed the amount of fees at an amount less than those fixed by section 740-a of the Code of Criminal Procedure, a point we do not decide, no such action was taken, and the fees " now allowed by law " can refer only to those fixed by section 740-a of the Code of Criminal Procedure. We find no difficulty, such as respondent suggests, in interpreting section 27, subdivision 2, of the Town Law as limited to compensation to which defendant may be entitled for services as a town officer solely for the town. A justice of the peace, in many cases may, at the rate fixed in that section, be entitled to receive an annual compensation in excess of three thousand dollars per year and it was clearly the purpose of the clause limiting the total amount of compensation possible to three thousand dollars per annum to meet that situation. The justice is not alone a member of the town board. It is asserted by defendant, and not disputed by plaintiff, that he was a member of several other boards or committees during the year 1937. Where the duties to be performed by him on a particular day related to particular and different functions to be performed by different boards or committes of different members he might be entitled to charge per diem compensation for each meeting. It has been so held in *Matter of Town of Hempstead* (36 App. Div. 321).

The last sentence in the section relating to the three thousand dollars total compensation per annum for a justice of the peace first appeared in chapter 634 of the Laws of 1932 and went into effect on January 1, 1934 (Town Law, § 342). We are asked to go back of the wording of the statute (Town Law, § 27, subd. 2) to various legislative

documents to enlighten ourselves as to the intent of the Legislature in enacting that provision. We think such a course is not permissible under the circumstances of this case. We are bound, of course, in interpreting a statute, to construe it in view of other statutes relating to the same subject-matter, in accordance with the sense of its terms and the intention of the framers of the law. However, " that intention is first to be sought from the words employed, and if the language is unambiguous, the words plain and clear, conveying a distinct idea, there is no occasion to resort to other means of interpretation " (*Settle* v. *Van Evrea*, 49 N. Y. 280, 281). We find nothing ambiguous in the wording of section 27, subdivision 2, of the Town Law. Its words and meaning on its face seem clear. The idea of the Legislature is not in doubt and its meaning and effect cannot be extended by conjecture or implication. The provision refers exclusively to services of every kind to and for the town of an administrative or legislative character which may be required of a justice of the peace under the provisions of the Town Law and has no reference to compensation for services performed by the justice in his judicial character under other provisions of law. There is nothing in that section of the Town Law nor elsewhere in the statute in which that provision was enacted which directly or by implication repeals the provisions of section 740-a of the Code of Criminal Procedure. A provision was contained in various general laws in effect prior to the general consolidation of the various laws in 1909 to the effect that nothing in such act should be construed to amend or repeal any provision of the Civil or Criminal Code. Such a provision was contained in section 242 of the Town Law (L. 1890, ch. 569.) Such a provision was omitted from the provisions of chapter 63 of the Laws of 1909 (the Town Law; Cons. Laws, ch. 62), as it was from other of the consolidated laws, and was enacted as section 101 of the General Construction Law (L. 1909, ch. 27; Cons. Laws, ch. 22) which provides that " the consolidated laws shall not be construed to amend, repeal or otherwise affect any provision of the penal law,

code of civil procedure or code of criminal procedure unless expressly so stated." There is no element of inconsistency or repugnancy between section 27, subdivision 2, of the Town Law and section 740-a of the Code of Criminal Procedure. Section 101 of the General Construction Law applies to all enactments of the Legislature subsequent to its adoption (*People ex rel. City of Buffalo* v. *N. Y. C. & H. R. R. R. Co.*, 156 N. Y. 570; *People* v. *Dwyer*, 215 N. Y. 46).

The judgments should be reversed and the motion of defendant for judgment dismissing the complaint should be granted, with costs in all courts.

LEHMAN, Ch. J., LOUGHRAN, FINCH, SEARS, LEWIS and CONWAY, JJ., concur.

Judgments reversed, etc.