NEIL P. CULLOM, Plaintiff, *v.* JOHN KADEL et al., Defendants.

Supreme Court, Special Term, Queens County, May 17, 1955.

*Neil P. Cullom*, plaintiff in person.

*Harold N. Schwinger, David M. Potts* and *Abraham Wilson* for Amanda F. Kadel, as executrix of John Kadel, deceased defendant.

*Sullivan & Cromwell* for Guaranty Trust Company of New York, as executor of Jarvis Geer, deceased defendant.

HOGAN, J. Plaintiff moves to substitute the executors of two deceased defendants as parties defendant in an action to recover damages for libel and slander. The motion is opposed by the executors of the respective deceased defendants on the ground that the action abated upon the death of the original deceased defendants.

It is not open to dispute that under the common law an action for libel abated upon the death of either party, and could not be continued by or against the representatives of the deceased. The following question is now raised before the court for what appears to be the first time: " Has Section 118 of the Decedent Estate Law, adopted in 1935, abrogated the aforesaid common law rule? "

Section 118 reads in part as follows: " No cause of action for *injury to person* or property shall be lost because of the death of the person liable for the injury. For any injury an action may be brought or continued against the executor or administrator of the deceased person, but punitive damages shall not be awarded nor penalties adjudged in any such action brought to recover damages for personal injury." (Emphasis supplied.) This language could not be plainer nor more unequivocal. But if there were any doubt, it is removed by section 37-a of the General Construction Law, which provides that " ' Personal injury ' includes libel, slander and malicious persecution ".

Read together, these two statutes meet the requirement in the instant case that any act in derogation of the common law must be strictly construed.

It is a rule of construction that when the language of a statute is explicit, the courts are bound to seek for the intention *in the words of the act* and they are not at liberty to hold that the Legislature had an intention other than its language imports. (*Town of Putnam Val.* v. *Slutzky,* 283 N. Y. 334, 343; *Matter of Di Brizzi,* 303 N. Y. 206, 214.)

The court finds no irreconcilable inconsistency between the statutes quoted and the sections of the Civil Practice Act cited by the defendant Kadel. Nor does the fact that plaintiff herein appears to be seeking, among other things, *punitive* damages, bar the continuance of this action. The complaint clearly demands *compensatory* damages as well. Appropriate motions may be addressed to the court to limit plaintiff's demands, but under the circumstances now before the court the motion to substitute these executors as parties defendant must be and is granted.