In the Matter of MARY L. BARTLETT, Respondent, v. RALPH MORGAN et al., Constituting the Town Board of the Town of Paris, Appellants.

Fourth Department, October 26, 1973.

*Helmer, Shaffer & Johnson (Grant E. Johnson* of counsel), for appellants.

*Durr & Keinz (Joseph Deery* of counsel), for respondent.

DEL VECCHIO, J. P.   In this article 78 proceeding we review a judgment of Special Term which fixed the salary of a Justice of the Peace of the Town of Paris for the year 1971 at an amount higher than that established by the Town Board.

On November 3, 1970 petitioner was duly elected in a general election to fill the unexpired term of one of the two Justices of the Peace of the Town of Paris in Oneida County, a second class town pursuant to section 10 of the Town Law. The term,

which had become vacant by reason of the death of the incumbent GRIFFIN, will expire on December 31, 1973.

On October 28, 1970 and November 5, 1970 notices of a public hearing for the town's 1971 preliminary budget were published. The notices stated that the salaries for the two Justices of the Peace would be $3,000 and $1,200 respectively. Neither position was designated by name. The amounts designated were the same as had been budgeted for these salaries in the prior year, 1970. Following the public hearing on November 5, 1970, the Town Board adopted the preliminary budget for 1971 as proposed. On November 13, 1970 the question of the salaries of the Town Justices for the balance of 1970 was brought before the board. The board voted to set the salary of petitioner for the remainder of the year on the basis of an annual salary of $720 and to set that of the other Town Justice, VENUS MILLER, on the basis of an annual salary of $3,000. Prior to that time MILLER had been paid on the basis of $1,200 a year and the deceased Justice GRIFFIN, had been paid $3,000 a year.

Petitioner, who had dissented as a member of the Town Board from the action of November 13, 1970 fixing the Justices' salaries, brought an article 78 proceeding which resulted in a judgment declaring the board's action " in reducing the petitioner's salary from $3,000 per year to $720 per year as Justice of the Peace for the remainder of the year 1970 " a nullity. After reciting that the advertised preliminary budget separately stated the salary of the Justices of the Peace for the year 1971 as $3,000 and $1,200 respectively and that " it would not be proper to fix the salary of the Justice of the Peace in an amount greater than the amount advertised ", the court remitted the matter to the Town Board " so that a regularly scheduled meeting may be held to determine the salaries of the Justice of the Peace in that town." In its decision the court, " without directing the same ", urged the board " to seriously weigh the proposition of paying the present two Justices an equal salary ".

At a meeting held on June 23, 1971 the board fixed petitioner's salary for 1971 at $1,200. It did not take any official action on the salary of Justice MILLER apparently because it felt, as one of the board members stated, that it had done this at the organizational meeting in January, 1971, when the decision had been made to fix Mr. Miller's salary at $3,000 for 1971. In the discussion at that meeting one or more of the board members expressed a belief that it had been their custom to allocate a lower salary to the less experienced Justice, alluding to the fact

that Justice MILLER had three years of experience as a Town Justice whereas petitioner had only just been elected.

Petitioner thereafter instituted the present article 78 proceeding challenging the board's action, contending that she is entitled to be paid the annual salary of $3,000 as provided in the 1971 budget. When the matter came on before the same Justice who had decided the earlier proceeding he determined that the action of the board on June 23, 1971 fixing petitioner's salary for the year 1971 at $1,200 was arbitrary, unreasonable and a nullity and directed that the board apportion the salaries of the two Justices in the sum of $2,100 each, and pay petitioner that amount for the year 1971.

The Town Board challenges this determination as an improper interference with its authority to fix the salaries of town office-holders. We agree with the board's contention.

The power to fix salaries of employees of counties, cities, towns, villages and other political subdivisions of the State is vested in the State Legislature (N. Y. Const., art. XIII, § 14), which has delegated to Town Boards the authority to fix the salaries " of all officers and employees of said town, whether elected or appointed " (Town Law, § 27).

The judiciary should not interfere with the exercise of a legislative function by the officers to whom that function has been lawfully delegated, unless it appears that those officers have failed to do some act which was required of them. A well-established principle binding on the courts " forbids interference by the latter with the action of legislative bodies or the exercise of their discretion in matters within the range of their constitutional powers " (*Matter of Joint Legis. Comm. to Investigate State Educ. System* [*Teachers Union*], 285 N. Y. 1, 8; *People ex rel. McDonald* v. *Keeler,* 99 N. Y. 463, 487).

Nothing in the record supports a conclusion that the Town Board was required to fix petitioner's salary either at $3,000 (the higher of the budgeted salaries) or at $2,100 (the amount directed by the Justice at Special Term). Section 27 of the Town Law expressly provides that " In all towns the salaries of all town justices shall be equal except that the town board may determine by a majority vote to pay salaries in different amounts ". Exercising the authority thus conferred on it, the board in its discretion determined that the salaries of the Justices should be different and that the lesser salary should be paid to the Justice with less experience. We perceive no basis for judicial invalidation of those determinations or for the assumption of this legislative function by Special Term.

The judgment should be reversed and the petition dismissed.

Marsh, Moule, Cardamone and Simons, JJ., concur.

Judgment unanimously reversed on the law without costs and petition dismissed.