■ In the Matter of CHARLES G. STETTER et al., Respondents, v. TOWN BOARD OF THE TOWN OF AMHERST, Appellant.— Judgment reversed, without costs, and petition dismissed. Memorandum: On March 10, 1958 the Town Board of Amherst by resolution created the position of Deputy Supervisor pursuant to section 42 of the Town Law. Petitioner Stetter was appointed to fill this post on January 4, 1974. A newly-elected seven member town board at its organizational meeting on January 7, 1974 abolished the position of Deputy Supervisor by resolution adopted by a vote of six to one. Special Term annulled this legislative act. We hold that this was error. As stated in section 2 of McKinney's statutes (McKinney's Cons. Laws of N. Y., Book 1) " The power to enact necessarily implies the power to repeal, and one Legislature cannot be limited or bound by the actions of a previous one." Thus, each legislative body "may modify or abolish its predecessor's acts, unless restricted by the constitution, and the wisdom of doing so is a matter of legislative discretion" (*Farrington* v. *Pinckney,* 1 N Y 2d 74, 82). " The general rule, when not qualified by positive law, is that the power which creates an office may abolish it in its discretion and this rule applies to municipal offices created by the act of some municipal body " (*Anker* v. *Dibble,* 236 App. Div. 613, 614; 3 McQuillin, Municipal Corporations [3d ed.] § 12.118). The respondent has urged, in reliance upon section 2 of article XIII of the New York State Constitution, section 36 of the Public Officers Law and section 23 (subd. 2, par. f) of the Municipal Home Rule Law, that appellant town board is without power to abolish the position of Deputy Supervisor. Such reliance is misplaced. The first two of these have reference to the removal of an employee, appointee, officer or individual and not the abolition of the position itself; the latter refers to the power of towns to adopt a local law and this position was created and abolished by resolution not requiring a referendum for its enactment (Municipal Home Rule Law, § 2, subd. 9). Further, section 42 of the Town Law under which authority this position was established contains no provision for the manner of its termination. Thus, in this case there is no positive law qualifying the general rule allowing the power that creates an office to abolish it. It should be kept in mind that the courts as a coequal branch of government may not generally set aside legislative acts unless such acts are illegal, in excess of any reasonable power conferred upon the Legislature, against public policy or unconstitutional (40 N. Y. Jur., Municipal Corporations, § 722). Respondent has further urged, however, that appellant town board's motives or reasons for its action were purely political. Courts, however, do not inquire into the motives behind legislative action. A "well-established principle binding on the courts 'forbids interference by the latter with the action of legislative bodies or the exercise of their discretion in matters within the range of their constitutional powers'" (*Matter of Bartlett* v. *Morgan,* 42 A D 2d 435, 437). Consequently, courts do not inquire into the wisdom, reasons or motives for legislation absent

fraud, corruption or oppression, but leave such matters to the discretion of the legislative body (*Bacon* v. *Miller,* 247 N. Y. 311, 317–318; 2 McQuillin, Municipal Corporations [3d ed.], § 10.35; N. Y. Jur., Municipal Corporations, vol. 39, § 195; vol. 40, § 722). Considering that the appellant town board acted within its power and without any evidence of illegality or fraud, there is no basis upon which Special Term could properly annul this legislative resolution. All concur, except Moule and Mahoney, JJ., who dissent and vote to affirm the judgment, in the following memorandum: We dissent and vote to affirm the judgment of Special Term which annulled respondent's resolution abolishing the position of Deputy Supervisor. Despite the general rule that "the power which creates an office may abolish it in its discretion" (*Anker* v. *Dibble,* 236 App. Div. 613, 614; 3 McQuillin, Municipal Corporations [3d ed.] § 12.118), this power to abolish is not absolute and is exercised at the discretion of the board. The record establishes that the sole basis for the board's resolution abolishing the office of Deputy Supervisor was its disapproval of the supervisor's choice to fill that office. By its act, the board has not only abused its discretionary power to abolish the office, but has also done by indirection what it cannot do directly. Section 42 of the Town Law, in addition to giving the town board the power to create the office of Deputy Supervisor, provides: " The deputy supervisor shall be appointed by the supervisor to serve at the pleasure of the supervisor ". The board's use of the power to abolish the office as a means of subjecting the supervisor's choice to fill that office to the approval of the town board or as a means of altering the term of that office is a clear invasion of the supervisor's power, and serves only to frustrate the provisions of section 42 of the Town Law and section 2 of article XIII of the New York State Constitution. (Appeal from judgment of Erie Special Term in article 78 proceeding to annul abolition of position.) Present — Marsh, P. J., Moule, Cardamone, Mahoney and Goldman, JJ.