NEW YORK CONSTITUTION Article VI, § 17, subd. d; TOWN LAW §60-a, subd. 2; ELECTION LAW § 149-a;
REDUCTION IN NUMBER OF TOWN JUSTICES; EFFECTIVE DATE:
The effective date of a resolution of a town board of a town of the second class, under the authority of Town Law § 60-a, subd. 2, to reduce the number of town justices in the town, is not affected by the filing of a designating petition either before or after the passage of the resolution.
CHARLES P. KNAPP, ESQ. Town Attorney, Wayne
We acknowledge receipt of your letter in which you inquire whether the filing of a designating petition for the office of town justice postpones the effective date of a resolution of the Town Board, adopted thereafter, reducing the number of town justices from two to one. The designating petition was filed on July 5, 1977, as prescribed by Election Law § 149-a, enacted by Chapter 76 of the Laws of 1977. The resolution of the Town Board was passed on July 12, 1977, under authority of Town Law § 60-a, subd. 2 which was enacted as part of Chapter 739 of the Laws of 1976 but which did not go into effect until July 1, 1977. The Town Board meeting of July 12, 1977, was the first regular meeting of the Town Board following the effective date of Town Law § 60-a. The resolution of the Town Board to reduce the number of town justices provided that the office eliminated was the one having a term commencing on January 1, 1978. The resolution was subject to a referendum on petition, the time for the filing of which has now expired without a petition having been filed.
In the absence of a constitutional provision to the contrary, a person has no vested right in a public office (Butler v Pennsylvania, 10 How [US] 402). The New York Constitution, Article VI, § 17, subd. d provides, in part as follows:
 "d. The number of the judges of each of such town, village and city courts and the classification and duties of the judges shall be prescribed by the legislature. The terms, method of selection and method of filling vacancies for the judges of such courts shall be prescribed by the legislature, provided, however, that the justices of town courts shall be chosen by the electors of the town for terms of four years from and including the first day of January next after their election."
The provisions specifying four-year terms for justices of town courts has been construed to prohibit the shortening of the term of office of a town justice. (Town of Putnam Valley v Slutzky, 283 N.Y. 334, reargument denied 284 N.Y. 590, [1940].)
In Gertum v Board of Supervisor, 109 N.Y. 170 (1888) it was held that the office of justice of the peace (now termed town justice) may be abolished after election but prior to the commencement of the term of the justice-elect. O'Connor v Greene, 174 Misc. 597 (1940), held that after the election of a village police justice who then took the oath of office for a term to commence on January 1, 1940, where the village board of trustees passed a resolution on December 28, 1939, to abolish the office, the resolution was effective, the office was abolished and the police justice-elect had no right to the office.
In our opinion, the effective date of a resolution of a town board of a town of the second class, under the authority of Town Law § 60-a, subd. 2, to reduce the number of town justices in the town, is not affected by the filing of a designating petition either before or after the passage of the resolution.