In the Matter of RICHARD J. CATANISE, Appellant, v TOWN OF FAYETTE et al., Respondents.

Fourth Department, July 12, 1989

APPEARANCES OF COUNSEL

*John A. DeFrancisco* for appellant.

*Kirk & Mount (William Kirk* of counsel), for respondents.

## OPINION OF THE COURT

BALIO, J.

Petitioner is a Town Justice of the Town of Fayette in Seneca County. He instituted this CPLR article 78 proceeding to challenge the decision of the Town Board to reduce his annual salary from $5,000 to $3,000 prior to commencement of the third year of a four-year term. His claim that a reduction in salary during his term of office amounted to an unconstitutional encroachment upon the independence of the judiciary was rejected by Special Term, and judgment was entered dismissing the petition. We affirm that portion of the judgment dismissing petitioner's request for punitive damages *(see, Sharapata v Town of Islip,* 56 NY2d 332) and attorney fees *(see, Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1). We conclude, however, that reduction of a Town Justice's annual salary during the term of office violates fundamental principles of separation of powers and that the petition should be granted to the extent of reinstating petitioner's salary.

In 1940, the Court of Appeals held that a Justice of the Peace[1] was a constitutional officer whose compensation could not be increased or decreased during the term of office *(Town of Putnam Val. v Slutzky,* 283 NY 334, *rearg denied* 284 NY 590; *see also, Giuffreda v Stout,* 220 NYS2d 215 [Sup Ct, Suffolk County]). At that time, however, article VI, section 19 of the NY Constitution provided, "All judges, justices and surrogates shall receive for their services such compensation as is now or may hereafter be established by law, provided only that such compensation shall not be diminished during their respective terms of office". When this section of article VI was revised by the Legislature and adopted by the People in 1961 as section 25 of article VI, the new section provided, "a. The compensation of a judge of the court of appeals, a justice of the supreme court, a judge of the court of claims, a judge of the county court, a judge of the surrogate's court, a judge of the family court, a judge of a court for the city of New York * * * a judge of the district court or of a retired judge or justice shall be established by law and shall not be diminished during the term of office for which he was elected or appointed". Absent from the list of Judges and Justices is reference to Judges of City Courts outside the City of New

---

1. The office of Justice of the Peace has been discontinued, and the responsibilities of that office are now performed by Town Justices.

York, and Justices of Village and Town Courts. The issue we are called upon to decide is whether fundamental constitutional principles of separation of powers and independence of the judiciary continue to forbid a diminution in salary of those Judges or Justices no longer expressly included within article VI, section 25 during their term of office. We hold in the affirmative.

The principal purpose of the 1961 revision of article VI of the State Constitution was to provide for a unified court system. Although City Courts (outside New York City), Village and Town Courts were included in the unified system, the revision authorized the Legislature to discontinue those courts, with the restriction that Town Courts could not be discontinued absent a permissive referendum (NY Const, art VI, § 17 [b]). Because the Legislature had the authority to discontinue those courts and because in 1959, the Legislature's apparent preference was for District Courts and full-time Judges (see, 1959 NY Legis Ann, at 8-9), it is understandable that Judges of City Courts outside New York City and Village and Town Justices were not expressly protected by article VI, section 25. We do not read into the 1961 revision any specific intent to abolish the constitutional protections theretofore enjoyed by Justices of the Peace.

Our State courts applied constitutional principles of separation of powers to preserve and protect the independence of the judiciary and specifically, Justices of the Peace, well before the adoption in 1925 of an express provision prohibiting a salary reduction during the term of office. In 1898, the Court of Appeals observed that "[n]othing is more essential to free government than the independence of its judges" and that "[i]t is a fundamental principle of the organic law that each department should be free from interference, in the discharge of its peculiar duties, by either of the others", and the court found legislation indirectly curtailing the exercise of jurisdiction by Justices of the Peace and restricting their compensation to be unconstitutional (People ex rel. Burby v Howland, 155 NY 270, 282). The threat to independence of the judiciary presented by the power to diminish a Justice's salary during his term of office is obvious; indeed, petitioner alleges that the Town Board purposefully reduced his salary because it was unhappy with some of his decisions and wanted to punish him for those decisions and, at the same time, influence future

rulings. Legislation cannot be sustained where "the independence of the judiciary and the freedom of the law will depend upon the generosity of the legislature" *(People ex rel. Burby v Howland,* 155 NY 270, 283, *supra).* The mere existence of the power to interfere with or to influence the exercise of judicial functions contravenes the fundamental principles of separation of powers embodied in our State Constitution and cannot be sustained.

We reject respondents' claim that section 27 of the Town Law authorizes the Board to reduce a Justice's salary during the term of office. The present statutory language authorizing the Board to "fix, from time to time, the salaries of all officers and employees of said town" was first enacted in 1932 (L 1932, ch 634). At that time, the Constitution expressly prohibited any reduction in the compensation of a Justice of the Peace during his term of office (NY Const, art VI, § 19, as adopted in 1925; *Town of Putnam Val. v Slutzky,* 283 NY 334, *supra).* We do not infer, therefore, that the Legislature intended the power to fix salaries to include the power to reduce a Justice's salary during the term of office.

Respondents' reliance upon *Matter of Bartlett v Morgan* (42 AD2d 435) is misplaced. In *Bartlett,* this court held that a Town Board could fix the salary of a Town Justice before commencement of that Justice's term of office. We did not discuss whether the Board could reduce the Justice's salary *during* her elected term.[2]

In sum, a reduction in the salary of a Town Justice during the Justice's elective term constitutes an impermissible encroachment upon the independence of the judiciary. We grant the petition to the extent of directing respondents to reinstate petitioner's annual salary of $5,000 effective January 1, 1986.

Boomer, J. P., Pine, Lawton and Davis, JJ., concur.

Judgment unanimously modified, on the law, and as modified, affirmed, with costs, and petition granted in accordance with the opinion by Balio, J.

---

2. Petitioner's predecessor in office received an annual salary of $6,900. Subsequent to petitioner's election but prior to commencement of his term of office, the Town Board fixed petitioner's salary at $5,000. Petitioner concedes that the fixing of his salary at $5,000 was proper and consistent with our decision in *Matter of Bartlett v Morgan* (42 AD2d 435).