■ In the Matter of PETER E. KENT, Respondent, v TOWN OF NISKAYUNA, Appellant. [665 NYS2d 718] —Peters, J. Appeal from a judgment of the Supreme Court (Caruso, J.), entered October 4, 1996 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's request for, *inter alia*, reinstatement of his former salary grade.

In June 1993, petitioner was permanently appointed Commissioner of Public Works for respondent, a nonrepresented position in the competitive civil service.[1] In connection with the employment of all nonrepresented employees, respondent adopted, by resolution, a graded salary schedule wherein job titles were periodically added, removed or reassigned to a different grade within the schedule. These changes were reviewed annually and traditionally adopted at the organizational or first meeting of respondent's Town Board (hereinafter the Board) each calendar year.

From the time of petitioner's appointment to the adoption by the Board of the 1995 employee handbook, which now contained the graded salary schedule and a detailed description of employee advancement procedures, petitioner was advanced from grade 26 to grade 27, step 3, ultimately increasing his salary from $57,000 to $75,876. Pursuant to the employment handbook, petitioner anticipated a step increase to grade 27, step 4 on January 1, 1996, causing his salary to increase to $81,858.

In October 1995, the Board formulated its tentative preliminary budget for 1996. Although the budget anticipated the salary increases in accordance with the employee handbook, the final budget for 1996, adopted in November 1995 and passed by resolution on January 3, 1996, provided that petitioner's salary was to remain at the 1995 level. The salary schedule further eliminated all grades above grade 25, thereby placing petitioner at grade 25, step 5, the maximum level permitted.[2] The 1996 employee handbook, adopted at such time, again described the salary advancement program detailed in the prior year.

After the denial of his grievance, petitioner commenced the instant proceeding pursuant to CPLR article 78 seeking a judg-

---

1. The local law providing for permanent appointment of a Commissioner of Public Works is not included in the record (*see*, Town Law § 53-c).

2. At such time, petitioner was the only employee of respondent receiving a salary grade above grade 25.

ment declaring that respondent was without authority to reduce his salary grade and that the reduction was in violation of lawful procedure, affected by an error of law and was arbitrary and capricious. Supreme Court granted the relief requested and reinstated petitioner, with back pay, to his anticipated salary grade 27, step 4, at a salary of $81,858. The court found that the January 1995 resolution adopting the employee handbook, the November 1995 resolution adopting the final budget and the January 1996 resolution adopting the 1996 salary schedule were in conflict. Relying upon the salary provisions of the 1995 handbook, adopted as part of the January 1995 resolution, that employees will be eligible for an incremental step increase in January 1996 if, *inter alia*, their performance was acceptable, Supreme Court found that while the Board retained the right to deny a step increase or adjust the salary of an employee if it deemed the employee's progress to be unsatisfactory, no denial was justified here since there existed no allegations that petitioner's work performance was anything other than adequate. Due to the Board's failure to comply with Civil Service Law § 75 before it adjusted petitioner's salary, the court concluded that its actions constituted an abuse of discretion and were contrary to law.

Upon appeal, we note that it was only when the Board adopted the 1996 salary schedule on January 3, 1996 that petitioner's 1996 salary became final and binding (Town Law § 27 [1]). As such date commences the running of the Statute of Limitations, the commencement of this proceeding on April 22, 1996 renders it timely (*see*, CPLR 217).

Concerning respondent's statutory authority to alter petitioner's salary schedule, we note that the power to fix salaries of town employees is vested in the State Legislature (NY Const, art XIII, § 14), which has expressly delegated that authority to the town board employing the particular employee (*see*, Town Law § 27 [1]). Although petitioner contends that respondent acted in retaliation for his criticism of the preliminary budget, it must be recognized that a competitive civil service position may be abolished "for reasons of economy, efficiency or the improvement of services to the public" (*Matter of Christian v Casey*, 76 AD2d 835, 836; *see*, *Matter Piekielniak v Axelrod*, 92 AD2d 968, *lv denied* 59 NY2d 603). Hence, courts will not interfere with the actions of such legislative bodies or inquire into their underlying motives "absent fraud, corruption or oppression" (*Matter of Stetter v Town Bd.*, 46 AD2d 1006, 1006-1007; *see*, *Matter of Bartlett v Morgan*, 42 AD2d 435).

In light of the evidence indicating a need to tend to budget-

ary concerns, coupled with the changes noted in petitioner's responsibilities and his failure to sustain a showing that the action was done in contravention or in an attempt to circumvent the protections afforded by Civil Service Law § 75, we find substantial evidence supporting respondent's determination.

Accordingly, we must reverse the judgment of Supreme Court and dismiss the petition in its entirety.

Mercure, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.

