■ In the Matter of ALFRED C. TANEY, Respondent-Appellant, v TOWN OF WATERLOO et al., Appellants-Respondents. [667 NYS2d 553] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In 1995, the Waterloo Town Justices were paid $8,975 annually. After petitioner was reelected as Town Justice in 1996, the Town Board of the Town of Waterloo (Town Board) reduced his sal-

ary to $1,200, but did not reduce the salary of the other Town Justice, who was in the middle of his term of office. In 1997, the Town Board froze petitioner's salary but gave the other Town Justice a 3% raise. This petition seeks CPLR article 78 review of the 1997 salary determination and relief pursuant to 42 USC § 1983 for violation of petitioner's constitutional rights stemming from the 1996 and 1997 salary determinations. Petitioner does not seek CPLR article 78 review of the 1996 determination to reduce his salary because the Statute of Limitations has expired with respect to that determination.

Supreme Court, summarily ruling on the merits of the first cause of action only, held that the Town Board's 1997 salary determination was arbitrary and capricious and an abuse of discretion and directed the Town Board to set petitioner's 1997 salary at a fair and equitable amount. The court rejected respondents' contentions that the $1,200 salary is consistent with the salaries of Town Justices in other towns and that petitioner was not given a raise in 1997 because of his reduced case load. That was error.

The Town Board is vested with the power to fix the salaries of its Town Justices and is not obligated to pay them equally (see, Town Law § 27 [1]). Thus, there is nothing illegal per se in the Town Board's 1997 decision to pay petitioner a salary different from the other Town Justice. The amount of that salary is a decision left to the sound discretion of elected Town officials, who ordinarily should not be second-guessed (see, Matter of Bartlett v Morgan, 42 AD2d 435, 437). The determination of a Town Justice's salary, however, is properly the subject of a CPLR article 78 proceeding (see, Matter of Catanise v Town of Fayette, 148 AD2d 210; see also, Press v County of Monroe, 50 NY2d 695, 701-702).

The court erred in rejecting respondents' explanation for the unequal treatment of petitioner in 1997, attributing the reduction in petitioner's case load to respondents' direction to petitioner to change his court hours in 1996. The merits of that 1996 direction were not properly before the court because the Statute of Limitations had expired with respect thereto.

The three-year Statute of Limitations with respect to the 42 USC § 1983 cause of action, however, has not expired. Thus, whether petitioner's constitutional rights were violated by the 1996 salary determination may be litigated in the context of that cause of action, which properly states a cause of action (see, Benjamin v Town of Fenton, 892 F Supp 64).

We modify the order and judgment, therefore, by granting that part of respondents' motion to dismiss the first cause of

action and by vacating the first decretal paragraph of the order and judgment. (Appeals from Order and Judgment of Supreme Court, Seneca County, Harvey, J.—CPLR art 78.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.