■ In the Matter of Town of Mentz, Appellant, v County of Cayuga et al., Respondents. [670 NYS2d 141] —Judgment

unanimously affirmed without costs. Memorandum: On September 17, 1996, the Cayuga County Legislature enacted Resolution No. 358, as recommended by the Public Works Committee, apportioning the costs and expenses of maintaining the Haiti Island Bridge between petitioner, Town of Mentz, and respondent Town of Conquest. The resolution apportioned 95% to petitioner and 5% to the Town of Conquest pursuant to Highway Law §§ 239 and 274. Petitioner commenced this CPLR article 78 proceeding asserting that the enactment of Resolution No. 358 is arbitrary and capricious. It did not challenge the validity or constitutionality of the resolution. Supreme Court properly dismissed the petition.

Initially, we note that the contention of petitioner that the court erred in dismissing its petition because respondents failed to file a certified transcript of the legislative proceedings is raised for the first time on appeal and thus is not properly before us (*see, Ciesinski v Town of Aurora,* 202 AD2d 984, 985). In any event, that contention lacks merit in view of the nature of the challenge to the resolution.

It is well settled that "the courts as a coequal branch of government may not generally set aside legislative acts unless such acts are illegal, in excess of any reasonable power conferred upon the Legislature, against public policy or unconstitutional" (*Matter of Stetter v Town Bd.,* 46 AD2d 1006). "A well established principle binding on the courts 'forbids interference by the latter with the action of legislative bodies, or the exercise of their discretion in matters within the range of their constitutional powers'" (*Matter of Bartlett v Morgan,* 42 AD2d 435, 437, quoting *Matter of Joint Legislative Commn. to Investigate State Educ. Sys. [Teachers Union],* 285 NY 1, 8). Thus, the courts will not inquire into the wisdom, reasons or motives for legislation nor interfere with the actions of such legislative bodies "'absent fraud, corruption or oppression'" (*Matter of Kent v Town of Niskayuna,* 244 AD2d 829, 830, quoting *Matter of Stetter v Town Bd., supra,* at 1006-1007). Because the Cayuga County Legislature acted within its authority and there is no evidence or claim of fraud, corruption or oppression, the court properly dismissed the petition. (Appeal from Judgment of Supreme Court, Cayuga County, Contiguglia, J.—CPLR art 78.) Present—Pine, J. P., Hayes, Callahan, Balio and Boehm, JJ.