In the Matter of BRITT KELCH, Appellant, v TOWN BOARD OF TOWN OF DAVENPORT, Respondent. [829 NYS2d 250]—

Kane, J. Appeal from a judgment of the Supreme Court (Tait, J.), entered October 4, 2005 in Delaware County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent setting petitioner's annual salary.

In September 2004, after respondent adopted a resolution reducing the number of town justices from two to one, the voters approved the resolution in a referendum reducing the number of justices effective January 1, 2006. Although respondent planned to eliminate the then-vacant town justice position, Supreme Court held in a separate proceeding that the person elected to fill the vacant justice position in November 2004 would hold a four-year term and the position of the incumbent justice, whose term would expire on December 31, 2005, would be abolished at the end of that term. In November 2004, petitioner was elected to the position of Town Justice of the Town of Davenport in Delaware County for a four-year term beginning January 1, 2005. After petitioner was elected, but before he took office, respondent set the salaries for the two town justices by raising the incumbent's salary from $5,000 to $7,500 annually and setting petitioner's salary at $500 annually. Petitioner commenced this CPLR article 78 proceeding seeking, among other things, to compel respondent to pay him a higher salary. Supreme Court dismissed the petition, prompting this appeal.*

A town board has the authority to set salaries for town employees and, if the town has more than one justice, may decide

---

* Because petitioner is seeking a declaration that legislative action is unconstitutional, along with other relief, we convert his proceeding into a joint CPLR article 78 proceeding and declaratory judgment action (see CPLR 103 [c]; Matter of Seymour v Nichols, 21 AD3d 1234, 1234-1235 [2005]).

to pay different amounts to each justice (*see* Town Law § 27 [1]; *Matter of Taney v Town of Waterloo*, 245 AD2d 1079, 1080 [1997], *lv dismissed* 91 NY2d 957 [1998]; *Matter of Kent v Town of Niskayuna*, 244 AD2d 829, 830 [1997]). Petitioner does not disagree with this statement of settled law, but argues that respondent violated the US and NY Constitutions in reaching the salary determination at issue. We agree, and therefore declare respondent's action in setting petitioner's salary unconstitutional and annul that determination.

We are confronted with a tension between competing legal principles, both based on the separation of powers. On one hand, the judiciary as a coequal branch of government should not interfere with a legislative body's actions or exercise of discretion regarding matters within that body's authority absent fraud, corruption, oppression, illegality, unconstitutionality or a violation of public policy (*see Matter of Town of Mentz v County of Cayuga*, 248 AD2d 1020, 1021 [1998]; *Matter of Kent v Town of Niskayuna, supra* at 830; *Matter of Stetter v Town Bd. of Town of Amherst*, 46 AD2d 1006, 1006-1007 [1974]; *Matter of Bartlett v Morgan*, 42 AD2d 435, 437 [1973]). Under this established principle, save for situations invoking the above exceptions, "courts do not inquire into the wisdom, reasons or motives for legislation" (*Matter of Stetter v Town Bd. of Town of Amherst, supra* at 1006; *see Matter of Town of Mentz v County of Cayuga, supra* at 1021; *Matter of Kent v Town of Niskayuna, supra* at 830).

On the other hand, "[l]egislation cannot be sustained where 'the independence of the judiciary and the freedom of the law will depend upon the generosity of the legislature' " (*Matter of Catanise v Town of Fayette*, 148 AD2d 210, 213 [1989], quoting *People ex rel. Burby v Howland*, 155 NY 270, 283 [1898]; *accord Commonwealth ex rel. Carroll v Tate*, 442 Pa 45, 55, 274 A2d 193, 199 [1971], *cert denied sub nom. Tate v Pennsylvania ex rel. Jamieson*, 402 US 974 [1971]; *Carlson v State ex rel. Stodola*, 247 Ind 631, 633, 638, 220 NE2d 532, 533, 536 [1966]). For example, courts have held that fundamental constitutional principles of separation of powers forbid any legislative body from reducing the salary of any judge during his or her term of office (*see Matter of Catanise v Town of Fayette, supra* at 212; *see also Town of Putnam Val. v Slutzky*, 283 NY 334, 340-341 [1940]; *People ex rel. Burby v Howland, supra*; *see also* US Const, art III, § 1 [prohibiting diminution of salary for federal judges during term of office]; NY Const, art VI, § 25 [a] [same for state judges of all courts of record]). "The safety of free government rests upon the independence of each branch and

the even balance of power between the three" (*People ex rel. Burby v Howland, supra* at 282).

We are presented with a situation in which either the judiciary, in the guise of this Court, must interfere with actions of the legislative branch, or we must allow respondent, as a legislative body, to affect the independence of the judiciary by fixing petitioner's salary at only $500 per year (*accord Goodheart v Casey*, 521 Pa 316, 320-322, 555 A2d 1210, 1211-1213 [1989]; *Commonwealth ex rel. Carroll v Tate, supra*, 442 Pa at 52-53, 274 A2d at 197). While we do not lightly decide to involve this Court in respondent's legislative actions, that body's abuse of its power on a constitutional level requires our intervention (*compare Campaign for Fiscal Equity v State of New York*, 8 NY3d 14, 27-29 [2006]; *Campaign for Fiscal Equity v State of New York*, 100 NY2d 893, 931 [2003]). Judicial interference in this legislative action is necessary because respondent violated public policy and the constitutional principals of separation of powers in setting petitioner's exceedingly meager salary (*accord Goodheart v Casey, supra*, 521 Pa at 320-322, 555 A2d at 1211-1213).

Permitting the governmental branch holding the purse strings to evaluate the performance of the judiciary and dole out pay based on those evaluations is particularly disturbing. One of respondent's members commented during the budget process that respondent could incrementally raise petitioner's salary based on his performance, if he lasted. A real threat strikes at the heart of judicial independence if the judiciary must cater to the ideological whims of the legislature or personally suffer the financial consequences for rendering legally correct but unpopular decisions. An appearance of impropriety, if not an actual concern, would arise that the scales of justice could be tipped by political influence. Of further concern is that qualified citizens would be discouraged from seeking judicial office by the less-than-minimum wage allocated to the position. Such concerns highlight the purpose of creating constitutions which separate the powers and divide them among three coequal branches of government.

Although respondent could approve different salary amounts for its two justices (*see* Town Law § 27 [1]), especially considering that the other justice had more experience than petitioner, respondent had no legitimate reason to set petitioner's salary at such a low amount. No attempt was made to include such a reason in the record. The comments of one of respondent's members that petitioner's salary could be increased if he had any cases assigned to him was based on a flawed assumption, as

the Uniform Civil Rules for Justice Courts contain a policy that each justice participate equally in the duties of the court (*see* 22 NYCRR 214.2 [a]; 214.10 [a]) and the court is required to sit at least once every two weeks (*see* 22 NYCRR 214.10 [a]). Supreme Court surmised that budgetary concerns justified the salary differential, but respondent had not paid a salary of less than $2,900 to any justice in the prior 20 years, its approved budget provided $10,000 for salaries of justices and the salary of the other justice was raised from $5,000 to $7,500 at the same time petitioner's salary was set at only $500 (*compare Benjamin v Town of Fenton*, 892 F Supp 64, 67-68 [1995]).

As respondent acted in a manner likely to affect or impinge upon the independence of the judiciary, we grant a judgment declaring that respondent's legislative action in setting petitioner's salary at $500 per year violated the NY and US Constitutions. Respondent is thus required to reconsider petitioner's salary and set an appropriate amount, consistent with the principles stated herein, retroactive to his first day in office.

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by partially converting the matter to a declaratory judgment action; it is declared that respondent's legislative action in setting petitioner's annual salary at $500 violated the US and NY Constitutions and matter remitted to respondent for a new determination of petitioner's annual salary; and, as so modified, affirmed.