OPINION OF THE COURT
Lewis J. Lubell, J.
Plaintiff, Donald J. Suttlehan, was first duly elected Town Justice of the Town of New Windsor (the Town) in November *291 1979. He served in that capacity from January 1, 1980 through his July 31, 2009 retirement. Suttlehan brings this action against the Town, its supervisor and Town Board members personally, in connection with his asserted entitlement to 397 days of accrued sick leave allegedly accumulated over his 30-year tenure with the Town. He also seeks fully paid health care coverage during retirement for both himself and his spouse.
By way of his first cause of action, breach of contract, plaintiff contends that, on May 6, 2009, defendants
“breached contracts ... by eliminating plaintiffs entitlements to full paid health benefits for life for him and his spouse and to payment for unused sick days . . . which he had been assured of, in writing, and thereby induced to remain in his position as Town Justice beyond his anticipated date of retirement, thereby breaching said agreements.”
Promissory estoppel is advanced by plaintiff as his second cause of action. Here, plaintiff claims that defendants promised that he would receive fully covered medical benefits upon retirement if he stayed in office until after the November 2008 elections.
On January 7, 2009, the Town Board approved a resolution allowing for fully paid postretirement health benefits for elected officials who have served the Town for at least eight years, including town justices. Same was subsequently revoked, however, by resolution dated May 6, 2009 which, instead, imposed a contribution of 10% of health care premiums for an individual retiree policy and a 25% contribution towards dependent spouse coverage. Plaintiff retired approximately three months after the May 6, 2009 resolution.
Plaintiff’s claim for monetary reimbursement for asserted unused sick time is supported by the June 21, 1994 memorandum of the then Town Supervisor, George J. Meyers, to “Department Heads” regarding “Department Head Leave Policy” which reads:
“As was discussed at the June 21st Department Head Meeting, the following leave policy for Department Heads will become effective June 21, 1994:
“VACATION LEAVE
“Twenty days per year - Days may not be carried over to the next year.
“PERSONAL LEAVE
“Four days per year - Days may not be carried over to the next year.
*292 “BEREAVEMENT LEAVE
“Three days -. . .
“SICK LEAVE
“Fifteen days per year. Each Department Head will be credited for fifteen days sick leave for each full year of employment with the Town.”
This memorandum was preceded by a November 23, 1993 memorandum from the then Town Comptroller, Mr. Reis, to “Various Department Heads and/or Elected Officials” (the Reis Memorandum) regarding “Benefits.” The Reis Memorandum, which expressly applied to the elected position of “Justices,” as well as to other elected and appointed positions, provides, in pertinent part:
“Please be advised that since none of you are directly covered by either of our union contracts, the town’s policy regarding your benefits are as follows:
“You are eligible or qualify for these benefits, and are allowed exactly the same as shown in the ÓSEA contract:
“1- Medical and dental coverage
“2- Holidays with pay
“3- New York State Retirement
“4- Workers Compensation and Disability Insurance
“You are eligible or qualify for these benefits, but
your usage of them is left to your own discretion
“1- Vacations
“2- Sick Days
“3- Personal Days
“4- Bereavement Time . . .
“Please let these provisions guide your actions . . . as of the new year.”
Fully Covered Medical Benefits
Plaintiffs claim for fully covered medical benefits upon retirement rests upon the aforementioned January 7, 2009 resolution establishing fully paid, postretirement health benefits for elected officials who have served the Town for at least eight years. As argued in the affirmation in support of motion of plaintiffs counsel, plaintiff takes the position that the May 6, 2009 superceding resolution requiring plaintiff to pay 10% of the cost *293 of an individual health plan and 25% of the cost for spousal coverage constitutes a constitutionally prohibited reduction in judicial compensation of a judge or justice serving in a constitutional court in that it constitutes a violation of that portion of the Compensation Clause providing that “[t]he compensation of a judge . . . shall not be diminished during [his or her] term of office” (NY Const, art VI, § 25 [a]). The court disagrees.
Without immediate consideration of plaintiffs former status as a town justice, there is no legal impediment to the Town’s unilateral determination to repeal an earlier resolution bestowing fully paid health care premiums to retired elected officials (see Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326 [1998] [municipality may unilaterally reduce level of health insurance to retired municipal employees]; Matter of Kapell v Incorporated Vil. of Greenport, 63 AD3d 940 [2d Dept 2009] [upheld village’s unilateral termination of paid health insurance for any mayor who upon retirement had completed 10 years of service created by a prior resolution]; Matter of Handy v County of Schoharie, 244 AD2d 842 [3d Dept 1997] [upheld county’s unilateral rescission of three prior motions that had provided any elected official who completed 10 years of service with paid health insurance coverage upon retirement]; Patchen v Village of Waterloo, 23 Misc 3d 1129 [Sup Ct, NY County 2009] [upheld village’s 2007 resolution, which rescinded 1973 resolution providing for payment of health insurance premiums for an elected official who retired, or was defeated in election, who had served 10 consecutive years or more prior to leaving office]).
The fact that plaintiff was a town justice at the time of the resolution revoking fully paid medical coverage makes no difference.
There is no dispute that the Compensation Clause (NY Const, art VI, § 25)* and its prohibition against legislative diminution of judicial compensation during the term of office applies to the position of town justice (see Matter of Kelch v Town Bd. of Town of Davenport, 36 AD3d 1110, 1111 [2007]; Matter of Catanise v Town of Fayette, 148 AD2d 210 [1989]; Roe v Board of Trustees of Vil. of Bellport, 65 AD3d 1211, 1212 [2d Dept 2009] [dealing *294 with village court]). As such, a legislative reduction of “wages and benefits” (Larabee v Governor of State of N.Y., 65 AD3d 74, 86 [1st Dept 2009]) of a town justice during a term in office is violative of the Separation of Powers Clause (Roe v Board of Trustees of Vil. of Bellport, supra, citing Matter of Kelch v Town Bd. of Town of Davenport, 36 AD3d at 1111; Matter of Catanise v Town of Fayette, 148 AD2d at 211). The general applicability of this constitutional prohibition, however, does not apply where, as here, the challenged legislative enactment is nondiscriminatory in nature such that it applies to all elected officials and not just the judiciary (see United States v Hatter, 532 US 557, 561 [2001] [“non-discriminatory tax laid generally” (Medicare tax) upon judges and other citizens is not prohibited]). The New York State Compensation Clause and its federal counterpart share the same purpose: “to promote judicial independence and ensure that the pay of prospective judges, who choose to leave their practices or other legal positions for the bench, will not diminish” (Matter of Maron v Silver, 14 NY3d 230, 250 [2010], citing United States v Will, 449 US 200, 221 [1980]). Judicial independence cannot be said to be implicated where, as here, there is no showing or even a suggestion that the challenged resolution was directly or indirectly targeted at the judicial branch of government. It is also worthy to mention that plaintiff is in no worse position at retirement than he was at the time he was elected to or took office. As such, it cannot be said that the challenged resolution reduced whatever emoluments may have enticed plaintiff to seek election or reelection to judicial office.
Accumulated Sick Time
The issues dealing with accumulated sick time are sufficiently distinguishable such as to be treated separately. Among other things, in support of that claim, plaintiff relies upon written memoranda the existence of which are not in question.
Generally, in the absence of preexisting contractual provision or legislative enactment, municipal employees are not entitled to recover the monetary value of accrued credits for vacation or sick time (Baksh v Town/Village of Harrison, 38 AD3d 808, 809 [2d Dept 2007], citing General Municipal Law § 92 [1]; Matter of Karp v North Country Community Coll., 258 AD2d 775 [3d Dept 1999]; Matter of Rubinstein v Simpson, 109 AD2d 885 [2d Dept 1985]; Dow v Board of Trustees of Farmingdale Pub. Lib., 75 AD2d 632 [2d Dept 1980]). Here, however, factual issues exist as to whether, even in the absence of legislative action, plaintiff *295 can properly rely upon the noted memoranda and other acts by or on behalf of the defendants with respect to accumulated sick days. The court cannot say, as a matter of law, that either plaintiff or defendants are entitled to judgment in their favor on this issue. Summary judgment may not be granted where, as here, conflicting inferences may be drawn from the available evidence (SSBSS Realty Corp. v Public Serv. Mut. Ins. Co., 253 AD2d 583, 584-585 [1st Dept 1988]).
Based upon the foregoing, it is hereby ordered, that, the first and second causes of action are hereby dismissed to the extent that they can properly be said to relate to plaintiffs challenge to the Town Board’s May 6, 2009 resolution; and, it is further, ordered, that, to any further extent, the motion and cross motion be and are hereby denied.

 Article VI states that “[t]here shall be a unified court system for the state” (NY Const, art VI, § 1 [a]) and that the compensation of a judge or justice within that system “shall be established by law and shall not be diminished during the term of office for which he or she was elected or appointed” (NY Const, art VI, § 25 [a]).