Requestor: J. Michael Jones, Esq., Town Attorney Town of Conesus P.O. Box 129 Geneseo, New York 14454-0129
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked several questions relating to the procedure for the employment of clerks serving the town court.
You have explained that your town currently has two town justices and one court clerk. Your questions relate to the possible employment of a second court clerk, in which case each justice would have his or her own clerk or, alternatively, the reappointment of the current clerk to serve both justices.
The town board, as the legislative arm of town government, is responsible for the adoption of the budget for the town court which includes the authorizing of positions and the determination of compensation. 1984 Op Atty Gen (Inf) 102. Under recent amendments to the Town Law,
 "[t]he clerk of the court of a town shall be employed and discharged from employment only upon the advice and consent of the town justice or justices". Town Law § 20(1).
Thus, responding to your first question, a town justice may not on his own create the position of court clerk. That power lies with the town board, which determines the budget of the town court.
Next, you ask whether the town board may fund the position of clerk out of the salary of one of the two justices by reducing that justice's salary with his consent.
The salary of a town justice may not be reduced during his term of office. Catanise v Town of Fayette, 148 A.D.2d 210 (4th Dept 1989). The Court reasoned that the mere existence of the power to interfere with or to influence the exercise of budgetary functions contravenes the fundamental principles of separation of powers embodied in the State Constitution. Id., p 213. It follows that the town board only may reduce a justice's salary, effective upon the commencement of the next term of office.
In the event that a second court clerk position is established by the town board and a clerk is assigned to each justice, you ask whether a justice would only approve the employment of his or her clerk or whether both justices would approve each clerk. While the quoted language of section 20(1) of the Town Law does not clearly answer this question, we believe that the legislative history indicates an intent that each justice approve his or her own private clerk. The sponsors' memoranda in support of the bills recognizes that justices are individually accountable and liable for the large sums of cash collected from fines, fees and forfeitures. Bill Jacket, L 1990, ch 252, Memorandum in Support of S3566, Memorandum in Support of A5740. The purpose of the amendment was to assure that justices "have confidence in the ability and honesty of those employed as court clerks" upon whom they are heavily dependent. In order to accomplish that result it gave justices the right to approve the selection of court clerks. Ibid.; May 2, 1990 Memorandum in Support of S3566, A5740 from the Unified Court System.
Thus, it seems clear from the legislative history that the intent of the amendment was to improve accountability of clerks to the justices they serve. It follows that each justice has been given the authority to approve the employment of his or her personal clerk.
Finally, you ask, in the event that a town court with two justices has only one clerk, whether both justices must consent to the annual reappointment of the existing clerk. You have indicated that this clerk has served for a number of years and is annually reappointed by the town board.
We believe, under the above-quoted language of section 20(1) of the Town Law and the foregoing legislative history, that both justices must approve the reemployment of a single court clerk to serve the town court. Since a single clerk would serve both justices, accountability can only be achieved by permitting both justices to approve the employment or reemployment of that clerk. In our view, this is the intent of section20(1) of the Town Law.
We conclude that the town board establishes the budget for the town court and authorizes and determines the compensation of clerks to the court. Each justice is authorized to approve the employment of his or her personal clerk while a single court clerk for the town court must be approved by both justices.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.