■ In the Matter of EARLE W. ZAIDINS, Appellant, v VILLAGE OF HASTINGS-ON-HUDSON et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Hastings-on-Hudson, dated September 10, 1987, denying the petitioner health insurance benefits, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Colabella, J.), entered June 27, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner contends, *inter alia,* that his constitutional right to equal protection of the laws (US Const 14th Amend) was violated by the Village. We disagree.

"An agency of the State denies equal protection when it treats persons similarly situated differently under the law" *(Matter of Abrams v Bronstein,* 33 NY2d 488, 492). In the absence of a classification affecting fundamental rights or constituting a so-called suspect classification, the Equal Protection Clause merely requires that the classification which results in unequal treatment must rationally further some legitimate, articulated State interest or objective *(see, Matter of Doe v Coughlin,* 71 NY2d 48; *Matter of Abrams v Bronstein, supra).* We find that the Village's policy of treating full-time employees differently from part-time employees for purposes of retirement insurance coverage reflects an orderly and rational basis for municipal expenditures.

Moreover, we find that the petitioner's unsupported assertions that he "regularly" worked more than 20 hours per week are insufficient to carry his burden of showing that he was an employee, as defined in 4 NYCRR 73.1 (c) (1). Thus, the Village's denial of the petitioner's request for continued health insurance coverage was not arbitrary or capricious, and the proceeding was properly dismissed. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.