■■■ CORALEE EMERLING, as Executrix of RAYMOND EMERLING, Deceased, et al., Respondents, v VILLAGE OF HAMBURG,

Appellant. [680 NYS2d 37] —Order unanimously affirmed without costs. Memorandum: Raymond Emerling (decedent), Norman Haas, Richard Hansen, George Hebard and Donald McKenna (collectively plaintiffs) are former officials of defendant, Village of Hamburg (Village), not covered by a collective bargaining agreement who, upon their retirement, continued to receive medical benefits payable by the Village pursuant to the rules and regulations of the Village governing their employment since 1980. Section 14 of those rules and regulations provides that "coverage will be maintained until the employee's or official's death". Plaintiffs became eligible for those benefits by retiring after reaching the age of 55 with at least 10 years of continuous service. One plaintiff retired in 1986, another in April 1991, and the remainder, including decedent, retired in April 1994.

In July 1994 the Village Board of Trustees, as a cost-cutting measure, adopted a resolution amending the rules and regulations to eliminate paid medical benefits for elected Village officials immediately and to eliminate such benefits for retirees effective December 31, 1995. In November 1995 plaintiffs commenced this action against the Village for breach of contract, alleging that their right to paid medical benefits vested when they retired and met the eligibility requirements for those benefits.

Supreme Court properly granted plaintiffs' motion for summary judgment on the complaint. Neither the resolutions adopting the rules and regulations nor the rules and regulations themselves establish any express contractual rights (*see, Cook v City of Binghamton*, 48 NY2d 323, 330-331; *see also, Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 245 AD2d 1042, *affd* 92 NY2d 326). The complaint, however, does not allege the breach of an express agreement to provide permanent health care benefits. Plaintiffs allege that, by their years of continued service for the Village pursuant to the rules and regulations of the Village, they accepted the Village's implied promise to provide such benefits (*see, Cook v City of Binghamton, supra*, at 331). Plaintiffs met their initial burden by submitting proof of the rules and regulations in effect throughout the years of their employment, their retirement after years of qualifying service for the Village and their receipt of the benefits upon retirement. In opposition, the Village did not present sufficient proof in admissible form to raise a triable issue of fact.

Plaintiffs established that they were told that, if they remained in the employ of the Village for 10 or more years,

they would be entitled, on attaining retirement age, to paid medical benefits until their death. That offer, when accepted by plaintiffs by the rendering of 10 years or more of continuous service, became irrevocable (see, Cook v City of Binghamton, supra, at 331; Roddy v Valentine, 268 NY 228, 232; Rochester Corp. v Rochester, 450 F2d 118, 120-121 [4th Cir 1971]).

The Village's reliance upon Aeneas (supra) is misplaced. That case held that police officer retirees did not have vested contractual rights to a certain level of medical benefits that could not be reduced. The essence of a unilateral contract, however, is a promise for an act, and in Aeneas the promise of medical benefits was not contingent upon service for a specified period. Furthermore, in Aeneas there was no evidence beyond the enacting resolution itself from which a promise to provide benefits could be inferred, while here, the unambiguous language of the rules and regulations governing plaintiffs' employment constituted such evidence.

Matter of Handy v County of Schoharie (244 AD2d 842) is also distinguishable. There, the benefits extended at the request of petitioner on the eve of his retirement were in essence a mere gratuity, revocable at will.

A municipality may, by a clear reservation of rights, retain the power to terminate benefits that would otherwise be considered vested (see, Roddy v Valentine, supra, at 231-232; see also, Matter of Lippman v Board of Educ., 66 NY2d 313, 319-320). Nothing in section 14 of the rules and regulations, however, gives the Village the power to terminate plaintiffs' medical benefits. Furthermore, while there is elsewhere in the rules and regulations a provision making those rules and regulations subject to amendment, nowhere is the right to terminate the medical benefits of retirees expressly reserved (see, Matter of Consolidated Mut. Ins. Co., 77 NY2d 144).

Finally, the Village's contention that the action is time-barred is without merit. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner and Boehm, JJ.