■ In the Matter of DAVID E. KAPELL, Appellant, v INCORPORATED VILLAGE OF GREENPORT et al., Respondents. [881 NYS2d 469]—

In a hybrid proceeding pursuant to CPLR article 78 to review a resolution of the Village Board of Trustees of the Incorporated Village of Greenport dated April 27, 2007, which rescinded the petitioner-plaintiff's entitlement to certain retirement health insurance benefits and action, inter alia, to recover damages for violation of civil and constitutional rights pursuant to 42 USC § 1983 and, in effect, breach of contract, the petitioner-plaintiff appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Spinner, J.), dated April 9, 2008, as denied the petition, dismissed the proceeding, granted that branch of the motion of

the respondents-defendants which was for summary judgment dismissing the complaint, and is in favor of the respondents-defendants and against him dismissing the complaint.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The petitioner-plaintiff David E. Kapell served as the mayor of the Incorporated Village of Greenport from 1994 through 2007. Pursuant to a resolution adopted by the Board of Trustees of the Incorporated Village of Greenport (hereinafter the Village Board) on March 8, 2007, any village mayor or Village Board member who completed 10 years or more of full time service was entitled to health and hospitalization insurance benefits at the Village's expense upon retirement (hereinafter retirement health insurance benefits). Kapell retired on April 22, 2007.

On April 27, 2007 the Village Board rescinded the resolution dated March 8, 2007, and resumed its previous health insurance policy, which did not cover retirees. Kapell initiated this hybrid CPLR article 78 proceeding to annul the Village Board's resolution dated April 27, 2007, and action to recover damages for violation of, among other things, due process and equal protection pursuant to 42 USC § 1983. In an order and judgment, the Supreme Court denied the petition, dismissed the proceeding, granted that branch of the motion of the Village, the Village Board, and the members of the Village Board (hereinafter collectively the Village) which was for summary judgment dismissing the complaint, and dismissed the complaint. We affirm the order and judgment insofar as appealed from.

The Village Board was within its discretion to terminate the retirement health insurance benefits, and its decision to do so was not arbitrary or capricious (*see Matter of Handy v County of Schoharie*, 244 AD2d 842 [1997]; *Weatherwax v Town of Stony Point*, 97 AD2d 840 [1983]). Furthermore, the Supreme Court properly granted that branch of the Village's motion which was for summary judgment dismissing Kapell's cause of action pursuant to 42 USC § 1983 to recover damages for a violation of his due process rights, as the resolution dated March 8, 2007, creating the retirement health insurance benefits, did not establish a constitutionally-protected, vested property interest in those benefits (*see Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d 326, 333 [1998]; *Cook v City of Binghamton*, 48 NY2d 323, 330 [1979]). In addition, the Village Board's policy of treating retired village mayors and Village Board members differently from active village mayors and Village Board members did not unconstitutionally deny Kapell the

equal protection of the laws, as it reflects an orderly and rational basis for municipal expenditures (*see Matter of Abrams v Bronstein*, 33 NY2d 488, 492 [1974]; *Matter of Zaidins v Village of Hastingson-Hudson*, 171 AD2d 875 [1991]; *see also Levine v McCabe*, 357 F Supp 2d 608, 620 [2005]).

Kapell's remaining contentions are without merit. Skelos, J.P., Santucci, Belen and Chambers, JJ., concur.