JOHN J. ROE III, Respondent, v BOARD OF TRUSTEES OF THE VILLAGE OF BELLPORT et al., Appellants. [886 NYS2d 707]—

In an action, inter alia, for a judgment declaring that the defendants' resolution terminating the plaintiff's paid health care benefits is null and void, and for a permanent injunction prohibiting the defendants from terminating the plaintiff's paid health care benefits, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Weber, J.), dated August 18, 2008, as awarded the plaintiff a permanent injunction prohibiting the defendants from diminishing paid health care benefits to him during his term in office.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendants' resolution terminating the plaintiff's paid health care benefits is null and void as to the plaintiff during his current term in office.

The plaintiff, an elected Village Court Justice, commenced this action for a judgment declaring that the defendants' resolu-

tion terminating his paid health benefits during the pendency of his term in office was null and void, and for a permanent injunction. The plaintiff moved to preliminarily enjoin the defendants from terminating his benefits, and the court, upon consent of the parties, converted the motion to a motion for summary judgment. The court granted the motion and, inter alia, issued a permanent injunction prohibiting the defendants from diminishing the benefits.

While New York Constitution, article VI, § 25, known as the "Compensation Clause," does not include justices of village courts in its prohibition against the diminishment of the compensation of judges during the term of office, courts have held that the fundamental constitutional principle of separation of powers also prohibits a legislative body from reducing the compensation of a judge or justice serving in a constitutional court (see Matter of Kelch v Town Bd. of Town of Davenport, 36 AD3d 1110, 1111 [2007]; Matter of Catanise v Town of Fayette, 148 AD2d 210 [1989]).

Constitutional courts are "those which are created or continued by the Constitution and, as to these, the Constitution gives certain power and jurisdiction as well as defining the nature and extent of [that] office" (Haggerty v City of New York, 267 NY 252, 254 [1935]). Constitutional courts are beyond the power of the Legislature as such power is given to them by the Constitution (id. at 255). The village court was continued by the Constitution and, therefore, is a constitutional court (NY Const, art VI, § 17 [a]). Accordingly, the reduction of the compensation, i.e., "wages and benefits" (Larabee v Governor of State of N.Y., 65 AD3d 74 [2009]), of a village justice during a term in office violates the separation of powers among our branches of government (see Matter of Kelch v Town Bd. of Town of Davenport, 36 AD3d at 1111; Matter of Catanise v Town of Fayette, 148 AD2d at 211; see also Larabee v Governor of State of N.Y., 65 AD3d 74 [2009]). "[T]he mere existence of the power to interfere with or to influence the exercise of judicial functions contravenes the fundamental principles of separation of powers embodied in our State constitution and cannot be sustained" (Matter of Catanise v Town of Fayette, 148 AD2d at 213). We note that Matter of Kapell v Incorporated Vil. of Greenport (63 AD3d 940 [2009]) is distinguishable from the instant case because the alleged reductions in that case did not occur during the term of office of the petitioner, a former mayor, and thus, the separation of powers doctrine was not at issue. Accordingly, the Supreme Court properly awarded summary judgment in favor of the plaintiff.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for a judgment declaring that the defendants' resolution terminating the plaintiff's paid health care benefits is null and void as to the plaintiff during his current term in office (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74, 83 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Skelos, Balkin and Leventhal, JJ., concur.