In an action to recover damages for breach of contract and promissory estoppel, the plaintiff appeals from so much of an order of the Supreme Court, Orange County (Lubell, J.), dated January 19, 2011, as granted that branch of the defendants’ cross motion which was for summary judgment dismissing the complaint insofar as it is premised upon a resolution of the defendant Town of New Windsor dated May 6, 2009, inter alia, eliminating his entitlement, upon his retirement, to fully paid lifetime health care benefits for himself and his spouse.
Ordered that the order is affirmed insofar as appealed from, with costs.
Pursuant to a resolution of the Town of New Windsor dated January 7, 2009, the plaintiff, who was then a sitting Town Justice, was prospectively awarded fully paid lifetime medical benefits for himself and his spouse, which were to become effective upon his retirement. These benefits were subsequently revoked by a Town resolution dated May 6, 2009. The plaintiff retired in July 2009, and thereafter commenced the instant action, inter alia, to recover damages for breach of contract and promissory estoppel equal to the lifetime medical benefits originally awarded to him. The plaintiff asserted, among other things, that the Town resolution unlawfully discriminated *624 against Town Justices, violated the separation of powers doctrine, violated rights secured to him pursuant to the Compensation Clause of the New York Constitution (NY Const, art VI, § 25 [a]), and imposed a contractual obligation upon the Town to provide him with lifetime medical benefits or, in the alternative, that, by adopting the resolution, the Town became obligated to provide him with those benefits under the theory of promissory estoppel.
The defendants met their prima facie burden of establishing that they are not obligated to provide lifetime medical benefits to the plaintiff and his spouse, and the plaintiff failed to raise a triable issue of fact in opposition (see generally CPLR 3212 [b]; GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 967-968 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Contrary to the plaintiffs contentions, the resolution dated May 6, 2009, which revised the plaintiffs health-care benefits, but only with respect to coverage for claims made, or to be made, subsequent to his separation from Town employment, was not discriminatory. The resolution dated May 6, 2009, was not solely targeted at the judiciary, but was applicable to various elected officials, namely, the Town Supervisor, Town Clerk, Superintendent of Highways, Receiver of Taxes, Town Justices, and members of the Town Board. In addition, the resolution did not violate any rights that the plaintiff has or may have pursuant to the separation of powers doctrine or the Compensation Clause of the New York Constitution. Notably, in this regard, the resolution addressed the prospective reduction of a municipal official’s health benefits only after his or her retirement, not the reduction in the salary or benefits of a justice during his or her term in office (see United States v Hatter, 532 US 557, 567 [2001]; Matter of Maron v Silver, 14 NY3d 230, 254 [2010]; Cohen v State of New York, 94 NY2d 1, 13 [1999]; Emerling v Village of Hamburg, 255 AD2d 960, 961 [1998]; Matter of Catanise v Town of Fayette, 148 AD2d 210, 212 [1989]; cf. Roe v Board of Trustees of Vil. of Bellport, 65 AD3d 1211, 1212 [2009]). Moreover, “[a] municipal resolution is, in general, a unilateral action that is temporary in nature and, thus, it does not create any vested contractual rights” (Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 333 [1998]).
The plaintiffs remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the defendants’ cross motion which was for summary judgment dismissing the complaint insofar as it is premised upon the resolution dated May 6, 2009. Rivera, J.E, Chambers, Ro *625 man and Miller, JJ., concur.