Peter Iasillo et al., Appellants, v Dennis Pilla, as Mayor of the Village of Port Chester, et al., Respondents. [992 NYS2d 143]—

In an action, inter alia, in effect, for a judgment declaring that a resolution of the Board of Trustees of the Village of Port Chester dated April 21, 2010, is null and void and without legal effect, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered December 17, 2012,

which, in effect, granted the defendants' converted motion for summary judgment dismissing the cause of action for injunctive relief and declaring that the resolution is not null and void or without legal effect.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the resolution dated April 21, 2010, is not null and void or without legal effect.

The plaintiffs are former mayors and members of the Board of Trustees (hereinafter the Board) of the defendant Village of Port Chester. Upon their retirement from office, the plaintiffs continued to receive health care benefits payable by the Village pursuant to Board resolutions dated June 1, 1988, and November 2, 1994. By resolution dated April 21, 2010, the Board rescinded the June 1, 1988, and November 2, 1994, resolutions, thereby terminating the plaintiffs' post-retirement health care benefits.

The plaintiffs commenced this action against the Village, the Mayor of the Village, the Board, and the individual trustees of the Board, seeking, in effect, a judgment declaring that the resolution dated April 21, 2010, is null and void and without legal effect, and a permanent injunction enjoining the defendants from terminating or otherwise modifying the plaintiffs' post-retirement health care benefits. The plaintiffs alleged, inter alia, that the Village was contractually obligated to provide them with post-retirement health care benefits, and that it was estopped from terminating those benefits. The Supreme Court, in effect, granted the defendants' converted motion for summary judgment dismissing the complaint and declaring that the resolution dated April 21, 2010, is not null and void or without legal effect.

The Supreme Court properly determined that the defendants established, prima facie, their entitlement to judgment as a matter of law by demonstrating that the Board was entitled to terminate the post-retirement health care benefits afforded by the June 1, 1988, and November 2, 1994, resolutions (*see Matter of Kapell v Incorporated Vil. of Greenport*, 63 AD3d 940 [2009]; *Matter of Handy v County of Schoharie*, 244 AD2d 842 [1997]). Those resolutions did not establish a vested interest in those post-retirement health care benefits (*see Matter of Kapell v Incorporated Vil. of Greenport*, 63 AD3d 940 [2009]). "A municipal resolution is, in general, a unilateral action that is temporary in nature and, thus, it does not create any vested contractual rights" (*Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d 326, 333 [1998]). Furthermore, the de-

fendants are not barred by the doctrine of equitable estoppel from terminating the plaintiffs' post-retirement health care benefits (*see Town of Hempstead v Incorporated Vil. of Freeport*, 15 AD3d 567, 570 [2005]). Since the plaintiffs failed to raise a triable issue of fact in opposition, the Supreme Court properly granted the defendants' motion.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the resolution dated April 21, 2010, is not null and void or without legal effect (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Mastro, J.P., Rivera, Balkin and Miller, JJ., concur.