*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 11, 2014                    516990
_____

In the Matter of DONALD E.
    COVEL JR.,
                        Appellant-
                        Respondent,
        v                                    MEMORANDUM AND ORDER

TOWN OF PERU et al.,
                        Respondents-
                        Appellants.
_____

Calendar Date:  October 15, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____

        Donald E. Covel Jr., Peru, appellant-respondent pro se.

        Towne, Ryan & Partners, PC, Albany (Caitlin A. Goetz of
counsel), for respondents-appellants.

_____

Rose, J.

        Cross appeals from a judgment of the Supreme Court (McGill,
J.), entered September 5, 2012 in Clinton County, which, in a
proceeding pursuant to CPLR article 78, granted respondents'
motion to dismiss the petition.

        Petitioner, a former elected official and employee of
respondent Town of Peru, commenced this CPLR article 78
proceeding contending that the employee benefit policy
unilaterally enacted by the Town for 1991 and 1992 served as an
implied promise requiring the Town to pay his health insurance
benefits after he retired in 2009 with 33 years of service as a
part-time employee.  Respondents opposed the petition and moved

to dismiss.  Supreme Court concluded, among other things, that the 1991-1992 policy did not constitute a contract and the Town's 2009 policy, which rescinded all prior policies and did not provide for payment of part-time employee's health insurance premiums upon retirement, was applicable.  Petitioner now appeals and we affirm.[1]

The 1991-1992 policy provided, as relevant here, that a part-time employee eligible for the Town's health insurance plan "who subsequently retires with 20 years' continuous service will be allowed to carry health insurance into retirement for both the employee and the spouse with the premium being paid by the Town." The policy was "in effect for eligible Town employees for the period 1/1/91 thru [sic] 12/31/92."  According to petitioner, once he achieved 20 years of service, his right to this retirement benefit vested, no matter when he retired.  In our view, however, the language of the 1991-1992 policy is susceptible to only one reasonable interpretation and should be enforced according to its plain terms, which require 20 years of continuous service and retirement in order for part-time employees to be entitled to have the Town pay insurance premiums. As correctly noted by Supreme Court, the 1991-1992 policy was a unilateral offer from the Town that had been revoked prior to petitioner's performance of the acts required for acceptance (see Petterson v Pattberg, 248 NY 86, 88 [1928]; Restatement [Second] of Contracts § 36; see also Cook v City of Binghamton, 48 NY2d 323, 331 [1979]; compare Emerling v Village of Hamburg, 255 AD2d 960, 961-962 [1998] [where the employee retired while the unilateral offer of benefits was still in effect]).  Accordingly, we conclude that Supreme Court's interpretation reflects "a practical construction of the language used so that the reasonable expectations of the parties are realized" (Currier, McCabe & Assoc., Inc. v Maher, 75 AD3d 889, 891-892 [2010]; see

_____

[1]  Respondents cross-appeal to the extent that Supreme Court denied their motion to dismiss based on the statute of limitations.  Inasmuch as the petition was dismissed on other grounds, respondents are not aggrieved and their cross appeal must be dismissed (see CPLR 5511; Ford v Rifenburg, 94 AD3d 1285, 1285 n 1 [2012]).

Sutton v East Riv. Sav. Bank, 55 NY2d 550, 555 [1982]; A. Cappione, Inc. v Cappione, 119 AD3d 1121, 1123 [2014]). Petitioner's remaining contentions are unpreserved and, in any event, they are without merit. Respondents' alternative arguments for affirmance are rendered academic by our decision.

Lahtinen, J.P., McCarthy, Lynch and Clark, JJ., concur.


ORDERED that the judgment is affirmed, without costs.

ORDERED that the cross appeal is dismissed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court