[3 NYS3d 896]

WILLIAM R. WEAVER et al., Petitioners/Plaintiffs, v TOWN OF
NORTH CASTLE et al., Respondents/Defendants.

Supreme Court, Westchester County, January 30, 2015

APPEARANCES OF COUNSEL

*Gleason, Dunn, Walsh & O'Shea*, Albany (*Ronald G. Dunn* and *Daniel A. Jacobs* of counsel), for petitioners/plaintiffs.

*Keane & Beane, P.C.*, White Plains (*Stephanie M. Roebuck* of counsel), for respondents/defendants.

## OPINION OF THE COURT

LESTER B. ADLER, J.

Petitioners/plaintiffs (petitioners), who are current and former elected officials, department heads, and deputy department heads of respondent/defendant the Town of North Castle, New York (the Town), brought this hybrid CPLR article 78 proceeding and plenary action to challenge the Town's determination in 2012 to reduce (and in some cases eliminate) their paid medical, dental, and vision insurance benefits. Petitioners contend that the actions by the Town and its governing Town Board (the Board), also named as a respondent/defendant, were illegal and seek (1) a declaratory judgment that those actions were null and void and (2) a judgment determining that they were arbitrary and irrational. For the reasons set forth below, respondents/defendants (respondents) are entitled to a declaratory judgment that their actions in 2012 were legal and were not null and void, petitioners' application for a judgment under article 78 of the CPLR is denied, and the verified petition is dismissed.

## Factual Background

The Town is governed by the elected Town Supervisor and the elected members of the Board. Other elected officials include the Town Clerk, the Receiver of Taxes and the Town Justices. The Town also employs department and deputy department heads as managers who supervise Town staff employees.

The majority of the Town's staff employees belong or belonged to one of four unions certified as bargaining representatives for their members. The collective bargaining agreements between the unions and the Town dictate the union members' contractual rights to receive health benefits during and after their employment by the Town. Petitioners do not belong to any of the four unions and accordingly have no direct rights under the collective bargaining agreements.

However, from at least January 1969 through September 30, 2012, the Town maintained a benefit program under which

petitioners received medical, dental, and vision insurance at no cost or at a fixed contribution rate. The program benefits were provided through the Town's participation in the New York Statewide Health Insurance Plan (NYSHIP), the Civil Service Employees Association Employee Benefit Fund, and other carriers. Under the program, (1) the Town paid the entire premium cost for current elected officials, department heads and deputy department heads, and (2) for retired elected officials, department heads and deputy department heads, the Town covered a varying percentage of the premium costs based on the retirees' years of service and date of hiring.

The Town's benefit policy for non-unionized officials and employees was promulgated by a series of Board resolutions. In 1968, the Board adopted a resolution providing that, as of January 1, 1969, the Town would cover the entire cost of "Health Insurance" for "all eligible employees and retirees." The 1968 resolution specified that the cost of "Health Insurance" included "the cost of the Statewide Option plus the cost of Medicare." Based upon the papers before it, this court cannot determine who qualified as "eligible employees and retirees," what was included in "Health Insurance," or what the "Statewide Option" meant.

In October 1983, the Board carried a motion that, for non-unionized employees holding "[d]epartment [h]ead, [d]eputy [d]epartment [h]ead, [m]anagerial or confidential positions," the Town would receive "[h]ealth and [w]elfare benefits" that would "not be less than similar benefits given to union employees." Notably, one petitioner, who was then a Board member, approved the resolution.

Thereafter, in February 2009, the Board adopted an employee handbook which, among other things, set forth benefit policies for medical insurance, a dental plan, and a vision plan. In its introduction, the handbook stated that it was "a statement of the personnel policies of the [Town]" and did not constitute a contract "between the Town and any individual for any purpose or duration." The 2009 handbook provided that the Town would "make available" medical insurance coverage, a dental plan, and a vision plan "for each full-time and 17-hour or more part-time employee and [e]lected [o]fficial." The handbook further specified that, upon two months' notice, "[t]he insurance premium that a non-union employee or [e]lected [o]fficial is required to contribute is subject to change by resolution of the [Board]." The handbook was approved unanimously by the Board, whose members included three of the petitioners.

Finally, on June 27, 2012, the Board passed a resolution adopting a written "Town of North Castle Compensation and Benefits Manual," which revamped the benefits for present and former non-unionized employees, managers and elected officials, including petitioners. In relevant part, the Manual provided that, as of October 1, 2012, (1) the Town would make available a medical insurance plan and a prescription drug plan to unrepresented full-time employees, the Town Clerk and the Receiver of Taxes—but not the Town Supervisor, Board members, and future Town Justices; (2) the two current Town Justices' health benefits would remain unchanged until the end of their terms; (3) the Town would no longer provide health benefits to (a) present or former Town Supervisors and Board members and (b) future Town Justices, but those officials could "participate" in the Town's medical insurance and prescription drug plan by paying 100% of the cost of their premiums, provided the insurance carrier allowed them to participate; (4) as of 2013, the Town would require all employees, including department and deputy department heads, and the Town Clerk and Receiver of Taxes, to pay 30% of the cost of their health care premiums; (5) with respect to retirement benefits, the Town would continue to offer medical insurance and prescription drug coverage to certain former full-time employees, the Town Clerk, and the Receiver of Taxes, but the retirees' eligibility for coverage and required contribution to their premium costs was conditioned on a number of factors, including age and length of service to the Town; and (6) the Town eliminated any dental or vision plan for retirees who were not contractually entitled to them under a collective bargaining agreement.

## Legal Analysis

In October 2012, petitioners commenced this hybrid action challenging the benefit reductions. In the plenary action seeking a declaratory judgment, petitioners advance four arguments. First, they claim that respondents' actions breached petitioners' "vested contractual rights" to the benefits because, they claim, while they served the Town they were given oral assurances they would receive those benefits. Petitioners also point to letters that the Town Clerk sent to each retiring Town employee, including some petitioners, which set forth the terms of the retirement benefits they would receive. According to petitioners, the 2012 actions breached the Town's contractual obligations to the retirees as set forth in the letters.

Second, petitioners argue that respondents are estopped from reducing the benefits under the theory of promissory estoppel. Third, petitioners contend that requiring town supervisors, board members and justices to pay 100% of their insurance premiums to participate in the Town's benefit plan violates Civil Service Law § 167 (2), which limits employee contributions to employer-sponsored NYSHIP plans to 50%. Finally, petitioner Robert McGoey, a former Town Justice, claims that reducing the Town's benefits to him violates the New York State Constitution by diminishing his compensation while in office.

Petitioners' claims lack merit. The court turns first to the questions of whether petitioners had a contractual right to receive free medical, dental, and vision insurance coverage from the Town in perpetuity at no cost or at a fixed rate, and whether the Board violated that right by adopting the 2012 resolutions. Since petitioners were non-unionized and did not benefit from negotiated contracts that established their employment terms, their rights to benefits are purely the result of the Board's legislative action, and accordingly the 2012 resolutions amended or rescinded earlier Board resolutions.

In general, a municipal resolution is "a unilateral action that is temporary in nature and . . . does not create any vested contractual rights" (*Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d 326, 333 [1998]). Thus, the Board was entitled to rescind benefits that it had earlier bestowed on petitioners (*see Iasillo v Pilla*, 120 AD3d 1192 [2d Dept 2014]). In *Iasillo*, the Court rejected the claim by a village's former mayors and Board of Trustees members that the Board could not revoke earlier resolutions and terminate the plaintiffs' post-retirement health care benefits. The earlier resolutions, the Court found, "did not establish a vested interest" in the benefits (*id.* at 1193; *see also Matter of Kapell v Incorporated Vil. of Greenport*, 63 AD3d 940 [2d Dept 2009] [finding village board was within its discretion to terminate the petitioners/plaintiffs' retirement health insurance benefits]).

Petitioners' reliance on the Fourth Department case of *Emerling v Village of Hamburg* (255 AD2d 960 [4th Dept 1998]) is misplaced. In *Emerling*, retired officials of a village sued for breach of contract after the Village Board of Trustees adopted a resolution amending the village rules and regulations to eliminate their medical benefits. The Court in *Emerling* found that the plaintiffs had made an initial showing of their contractual

rights by submitting, among other things, "proof of the rules and regulations in effect throughout the years of their employment" (255 AD2d at 961). Here, unlike as in *Emerling*, there are no binding rules and regulations. In the 2009 handbook, the Board expressly reserves its right to change benefit terms in the future. In any event, to the extent that *Emerling* can be read as inconsistent with *Iasillo* and *Kapell*, this court declines to follow the Fourth Department case.

Moreover, petitioners have not shown any indicia of binding contract terms between themselves and the Town. The letters that the Town Clerk sent petitioners when they retired set forth their benefit package at that time under the Board resolutions in effect, but the Town Clerk lacked authority to bind the Town and could not unilaterally enter into a contract on the Town's behalf. Similarly, the oral assurances to which petitioners attest could not give rise to any binding agreement. Accordingly, petitioners' argument that they had vested contractual rights to their benefits fails.

Petitioners' estoppel argument is also unavailing. To establish promissory estoppel, a party must show it relied upon another's clear and unambiguous promise, that the reliance was justifiable, and that it sustained injury from its reliance (*Town of Hempstead v Incorporated Vil. of Freeport*, 15 AD3d 567, 570 [2d Dept 2005]). Even if one assumes that petitioners received clear and unambiguous oral promises that their benefits would never change, they could not justifiably rely on those promises because the 2009 handbook explicitly states that the Town reserved the right to change its provision of medical, dental, and vision benefits via a future Board resolution.

Petitioners next contend that the 2012 resolution, which requires certain of them to pay the entire premium cost to participate in the Town's health plan, violates limits on employee contributions under Civil Service Law article 11. They argue that the Town is a "participating employer" under the Civil Service Law because it provides health insurance benefits through NYSHIP. As a participating employer, the Town is required to pay at least 50% of the premium charges under Civil Service Law § 167 (2).

Respondents persuasively deny that the 2012 Manual violates the Civil Service Law. First, the statute only applies to NYSHIP, and the Town offers an alternative health insurance plan through Aetna which provides comparable coverage at a

lower cost. Moreover, respondents point out, the 2012 Manual does not guarantee that petitioners can participate in any Town health plan because eligibility is contingent upon the carrier's approval. Thus, retired officials can either participate in the Town's alternative health insurance plan, if permitted, or they can choose not to receive any health insurance benefits through the Town.

Finally, petitioner Robert McGoey contends that the Board's elimination of his post-retirement dental and vision coverage while he was a sitting Town Justice violates the separation of powers and the Compensation Clause of the New York Constitution (NY Const, art VI, § 25 [a]). That claim lacks merit. Justice McGoey correctly points out that reducing the current wages or benefits of a town court justice while in office "violates the separation of powers among our branches of government" (*Roe v Board of Trustees of Vil. of Bellport*, 65 AD3d 1211, 1212 [2d Dept 2009]). However, legislative action which reduces the future compensation for serving as town justice, after the present officeholder's term ends, does not violate the Compensation Clause (*Suttlehan v Town of New Windsor*, 100 AD3d 623, 624 [2d Dept 2012]). Here, the benefit reduction only took effect after Justice McGoey's term expired on December 31, 2013.

For the reasons set forth above, petitioners' application for a declaratory judgment is denied because the complained-of actions by the Board in June 2012 were a legitimate exercise of its legislative authority. The court now turns to that branch of this hybrid action which seeks a judgment under article 78 of the CPLR. Petitioners have in effect abandoned that claim. In their verified petition, petitioners contend that the Town and Board acted arbitrarily and capriciously and abused their discretion by reducing or eliminating their benefits, but they do not address that claim in their memorandum of law in support. Moreover, petitioners fail to rebut respondents' position in their memorandum in support that their actions had a rational basis: according to respondents, they reduced petitioners' benefits as a cost-cutting measure to address the Town's ongoing financial difficulties.

Accordingly, it is adjudged and declared that the resolutions of June 27, 2012 by the Town Board of the Town of North Castle, New York were legal and are not null and void; and it is further ordered and adjudged that the application by petitioners/plaintiffs for a judgment under article 78 of the

CPLR is denied; and it is further ordered that the verified petition is dismissed.