■ In the Matter of WILLIAM R. WEAVER et al., Appellants, et al., Petitioners/Plaintiffs, v TOWN OF NORTH CASTLE et al., Respondents. [60 NYS3d 236]—

In a hybrid proceeding pursuant to CPLR article 78 to review a resolution of the Town Board of the Town of North Castle dated June 27, 2012, which, in effect, reduced the Town's contribution towards the petitioners/plaintiffs' retirement health insurance benefits, and action, inter alia, for a judgment declaring, among other things, that the resolution is null and void, the petitioners/plaintiffs William R. Weaver, Gerald K. Geist, Norman Anderson, Bruce U. Barnard, Anna Maria Marrone,

Craig Useted, Jamie D. Norris, Ann Leber, Annemarie Kelly, Edward Ahneman, Shirley Brown, Marion Woods, Leonard Kaplan, John Moore, and Kathryn A. Towndrow appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Adler, J.), entered January 30, 2015, as denied the petition and dismissed the proceeding insofar as asserted by them, declared that the resolution was not null and void, and, in effect, declared that they do not have a vested contractual interest in retirement health insurance benefits, the doctrine of promissory estoppel does not bar the reduction of their retirement health insurance benefits, and the resolution, insofar as it provides that the Town of New Castle will not contribute toward retirement health insurance benefits of former members of the Town Board of the Town of New Castle who retired prior to July 1, 2012, does not violate Civil Service Law § 167 (2).

Ordered that the judgment is modified, on the law, by deleting the provision thereof declaring, in effect, that the resolution, insofar as it provides that the Town of New Castle will not contribute toward retirement health insurance benefits of former members of the Town Board of the Town of New Castle who retired prior to July 1, 2012, does not violate Civil Service Law § 167 (2), and substituting therefor a provision declaring that the resolution, insofar as it provides that the Town of New Castle will not contribute toward retirement health insurance benefits for former members of the Town Board of the Town of New Castle who retired prior to July 1, 2012, violates Civil Service Law § 167 (2); as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith, and for the entry of an appropriate amended judgment thereafter.

The petitioners/plaintiffs-appellants (hereinafter the appellants) are current and former nonunion employees of the Town of New Castle. Pursuant to a resolution of the Town Board of the Town of New Castle (hereinafter the Board) dated October 13, 1983, Town employees who were not members of a collective bargaining unit were to receive the same health insurance benefits as union employees. Accordingly, the Town contributed toward the cost of the New York State Health Insurance Program (hereinafter NYSHIP) for those appellants who had retired at the same rate (either 100% or 85%, depending on the amount of years of service) set forth in current collective bargaining agreements for retirees.

By resolution dated June 27, 2012, the Board adopted a Compensation and Benefits Manual (hereinafter the Manual) which applied to employees who were not members of a collective bargaining unit. As relevant to this appeal, the Manual provided that, effective July 1, 2012, the Town would not contribute toward the health insurance benefits of current or former Board members, although such elected officials could participate in the Town's health insurance plan by paying 100% of the cost of the plan. Additionally, the Manual provided that the Town would contribute 85% of the cost of health insurance benefits for employees who retired prior to July 1, 2012, and 70% of the cost of health insurance benefits for employees who retired on or after July 1, 2012. In July 2012, the Town informed the appellants of the increased premium rates they were required to pay in order to continue their participation in the Town's health insurance plan.

In October 2012, the appellants (and others who are either no longer parties or withdrew their appeal) commenced this hybrid CPLR article 78 proceeding to review the Board's resolution dated June 27, 2012, and action for a judgment declaring, inter alia, that the resolution is null and void and to recover damages for the increased premium amounts paid since July 2012. The petition/complaint alleged, inter alia, that the appellants had vested contractual rights to retirement health insurance benefits at fixed contribution rates, that the doctrine of promissory estoppel barred the Town from reducing the appellants' retirement health insurance benefits, and that the Town, as a participating employer of NYSHIP, could not reduce its contribution rate below the statutory minimum set forth in Civil Service Law § 167 (2). A judgment was entered by the Supreme Court on January 30, 2015, denying the petition, dismissing the proceeding, and declaring, inter alia, that the resolution was not null and void.

Since the parties charted a summary judgment course in addressing the declaratory judgment cause of action, which involves only issues of law on undisputed facts, it was not inappropriate for the Supreme Court, under the unique circumstances presented here, to reach the merits of that cause of action in the judgment appealed from (see *O'Hara v Del Bello*, 47 NY2d 363, 367-368 [1979]; *Prudenti v County of Suffolk*, 142 AD3d 1150, 1152 [2016]; *Matter of Natural Resources Defense Council, Inc. v New York State Dept. of Envtl. Conservation*, 120 AD3d 1235, 1240 [2014], *affd* 25 NY3d 373 [2015]; *Hendrickson v Philbor Motors, Inc.*, 102 AD3d 251, 258-259 [2012]).

The Supreme Court properly determined that the Board was entitled to reduce the appellants' retirement health insurance

benefits afforded by the October 13, 1983 resolution (*see Iasillo v Pilla*, 120 AD3d 1192, 1193 [2014]; *Matter of Kapell v Incorporated Vil. of Greenport*, 63 AD3d 940, 941 [2009]; *Matter of Handy v County of Schoharie*, 244 AD2d 842, 844 [1997]). "A municipal resolution is, in general, a unilateral action that is temporary in nature and, thus, does not create any vested contractual rights" (*Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d 326, 333 [1998]). Nothing in the language of the October 13, 1983, resolution indicates that the Town intended to create a contractual or vested right (*see Cook v City of Binghamton*, 48 NY2d 323, 330 [1979]; *Matter of Retired Pub. Empls. Assn., Inc. v Cuomo*, 123 AD3d 92, 96-97 [2014]). Moreover, the appellants failed to submit any evidence, beyond the resolution, of a right to retirement health insurance benefits (*see Patchen v Village of Waterloo*, 23 Misc 3d 1129[A], 2009 NY Slip Op 50998[U] [Sup Ct, Seneca County 2009]; *cf. Emerling v Village of Hamburg*, 255 AD2d 960 [1998]).

Additionally, the Supreme Court properly found that the Town was not barred by the doctrine of promissory estoppel from reducing the appellants' retirement health insurance benefits (*see Iasillo v Pilla*, 120 AD3d at 1194). To establish promissory estoppel, a party must prove a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance on that promise (*see Rock v Rock*, 100 AD3d 614, 616 [2012]; *Schwartz v Miltz*, 77 AD3d 723, 724 [2010]; *Williams v Eason*, 49 AD3d 866, 868 [2008]). Here, even assuming the appellants proved a clear and unambiguous promise, they failed to establish reliance thereon (*see Town of Hempstead v Incorporated Vil. of Freeport*, 15 AD3d 567, 570 [2005]; *cf. Agress v Clarkstown Cent. School Dist.*, 69 AD3d 769, 771 [2010]; *Allen v Board of Educ. of Union Free School Dist. No. 20*, 168 AD2d 403, 404 [1990]).

However, the Supreme Court erred in determining that the Town was not required to contribute any amount for the retirement health insurance benefits of former Board members who retired prior to July 1, 2012. Civil Service Law § 167 (2) provides, in relevant part, that participating employers, such as the Town, are required to contribute 50% of the cost of premiums for retired employees, and 35% of the cost of coverage for their dependents. A retiree is defined as "a person who has become enrolled in [NYSHIP] as an employee and whose coverage is being continued after his withdrawal from the active service" (4 NYCRR 73.1 [e]). Because the retired appel-

lants fall within this definition, the Town may not reduce its contribution rates below the legally mandated minimums (*see Matter of Lippman v Board of Educ. of Sewanhaka Cent. High School Dist.*, 66 NY2d 313, 320 n [1985]). Thus, the matter must be remitted to the Supreme Court, Westchester County, for a determination as to damages for the amounts paid by the retired appellants which were part of the legally mandated minimums and for the entry of an appropriate amended judgment thereafter.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Leventhal, J.P., Hinds-Radix, LaSalle and Brathwaite Nelson, JJ., concur.