Matter of Bruckman v New York State Thruway Auth. (2018 NY Slip Op 01526)





Matter of Bruckman v New York State Thruway Auth.


2018 NY Slip Op 01526


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

525205

[*1]In the Matter of JOHN R. BRUCKMAN et al., Appellants,
v
NEW YORK STATE THRUWAY AUTHORITY et al., Respondents.

Calendar Date: January 16, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


McNamee, Lochner, Titus & Williams, PC, Clifton Park (Edward Kowalewski Jr. of counsel), for appellants.
Eric T. Schneiderman, Attorney General, Albany (Joseph M. Spadola of counsel), for respondents.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McGrath, J.), entered August 30, 2016 in Albany County, which, among other things, dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of the Board of Directors of respondent New York State Thruway Authority to modify the contribution amount to be paid by petitioners for health insurance.
Petitioners are retired employees of respondent New York State Thruway Authority (hereinafter NYSTA), a public corporation that operates the state's thruway system, and it provides health
insurance benefits to its employees and retirees through the New York State Health Insurance Program (hereinafter NYSHIP), which is governed by Civil Service Law article 11. An agency participating in NYSHIP must pay at least 50% of the cost of individual coverage for retirees, but may elect to make additional contributions, up to the entire cost of such coverage (see Civil Service Law § 167 [2]). The NYSTA policy governing payment of health insurance premiums for retirees that was in effect when each petitioner retired was adopted in 1966 and had been last amended in 1976. As relevant here, the policy provided that retirees would not be required to make any contribution toward the cost of individual coverage. At retirement, each petitioner received individual health coverage at no cost pursuant to the policy as it then existed.
In November 2015, the Board of Directors of NYSTA (hereinafter the Board) revised the policy to require retirees who had been retired for less than 25 years, and whose health insurance premium contribution rates were not covered by a negotiated agreement, to contribute six percent of the cost of the premiums for individual coverage, effective April 1, 2016. In December 2015, NYSTA issued an amended policy statement reflecting the revised policy. Each petitioner held a management or confidential position at retirement and, therefore, petitioners' receipt of health insurance benefits in retirement was not governed by a negotiated contract. Accordingly, when the revised policy became effective, petitioners were required to begin contributing six percent of the cost of individual coverage. In March 2016, petitioners commenced this proceeding seeking to, among other things, annul the Board's determination to modify the contribution amount they had to pay for health insurance, claiming that the revised policy breached their vested right to receive individual health insurance coverage in retirement at no cost and that the Board's adoption of the revised policy was arbitrary and capricious. Supreme Court dismissed the petition and petitioners now appeal.
Petitioners' primary argument is that the policy that was in effect when each of them retired constituted a unilateral offer by NYSTA to provide them with lifetime individual health insurance coverage in retirement at no cost, and that their right to such coverage vested and became an enforceable contract upon retirement. "A municipal resolution is, in general, a unilateral action that is temporary in nature and, thus, it does not create any vested contractual rights" (Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 333 [1998] [citation omitted]; accord Matter of Weaver v Town of N. Castle, 153 AD3d 531, 534 [2017]). It is presumed that such resolutions do not "create private contractual or vested rights but merely declare[] a policy to be pursued until the legislative body shall ordain otherwise" (Matter of Handy v County of Schoharie, 244 AD2d 842, 843 [1997] [internal quotation marks, brackets and citations omitted]). Private contractual rights are created by municipal resolution only where the language of the resolution and the attendant circumstances clearly manifest the intent to create such rights (see Matter of Weaver v Town of N. Castle, 153 AD3d at 534; Matter of Handy v County of Schoharie, 244 AD2d at 843; see also Matter of Lippman v Board of Educ. of Sewanhaka Cent. High School Dist., 66 NY2d 313, 319 [1985]).
There is nothing in the language of the 1976 policy or the attendant circumstances suggesting that NYSTA intended to extend a unilateral offer that, upon acceptance, would create private contractual rights when it voluntarily increased its rate of contribution toward retiree health insurance benefits. The 1976 policy stated, in relevant part, only that NYSTA would "continue[] to pay the total cost of individual coverage." The policy contains neither a specific promise that NYSTA will continue to pay the entire cost of individual coverage through retirement without change, nor does it establish any act constituting consideration for such a promise that must be performed by an employee to obtain a contractual right to such benefits (compare Matter of Covel v Town of Peru, 123 AD3d 1244, 1245 [2014]). This is especially so in light of the fact that the rules and regulations governing NYSHIP specifically provide that an employer that increases its rate of contribution toward the cost of health insurance benefits may thereafter decrease its rate of contribution to the statutory minimum (see Matter of Lippman v Board of Educ. of Sewanhaka Cent. High School Dist., 66 NY2d at 319; Matter of Weaver v Town of N. Castle, 153 AD3d at 534; see also Emerling v Village of Hamburg, 255 AD2d 960, 962 [1998]).
Petitioners do not rely on a retirement guide issued by NYSTA as a basis for the claimed contract, but the guide precludes them from establishing the existence of a contractual right to continued payment of the entire cost of individual coverage by NYSTA. The retirement guide describes the requirements necessary for continuing health insurance coverage into [*2]retirement and contains a disclaimer statement notifying employees that it was intended for informational purposes only and that it does not create any contractual rights. The disclaimer statement bars creation of any contractual rights related to health insurance coverage in retirement absent an express contract (see Lobosco v New York Tel. Co./NYNEX, 96 NY2d 312, 316-317 [2001]). Thus, inasmuch as the retirement guide was issued before petitioners retired, it precluded them from timely meeting any service or retirement requirements that they contend constituted their acceptance of the purported unilateral offer (compare Matter of Covel v Town of Peru, 123 AD3d at 1245-1246).
Petitioners' remaining arguments have been considered and found to lack merit.
McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.
ORDERED that the judgment is affirmed, without costs.