Valinoti v Greenman (2025 NY Slip Op 05987)

Valinoti v Greenman

2025 NY Slip Op 05987

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE LOVE, JJ.

2022-10497
 (Index No. 701355/20)

[*1]Bonni Valinoti, respondent, 
v
Jane Greenman, et al., appellants.

Amini LLC, New York, NY (Bijan Amini and John W. Brewer of counsel), for appellants.
Varcadipane & Pinnisi, P.C., New York, NY (Jeffery W. Varcadipane and Joseph Stimmel of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered June 10, 2022. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first through third and fifth causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract. The defendants moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint. The plaintiff opposed the motion and filed an amended complaint, among other things, alleging causes of action alleging breach of contract and promissory estoppel, and seeking specific performance. The amended complaint alleges that the plaintiff, Bonni Valinoti, was the owner of a 14.1% interest in certain real property located in Queens, known as 181-12 Hor Harding (hereinafter Harding), which, together with the plaintiff's interest in Min Dot Realty, LLC (hereinafter Min Dot and, together with Harding, the properties), was transferred to Charles Greenman (hereinafter Charles) as security for a $500,000 loan to the plaintiff (hereinafter the loan) from Charles and his wife, the defendant Jane Greenman (hereinafter Jane). Charles, Jane, and the plaintiff agreed that the income from the plaintiff's interest in Harding would be retained by Charles and Jane as collateral for the loan and that the plaintiff's interest in the properties would be reconveyed to the plaintiff upon repayment of the loan. The amended complaint further alleges that in April 2008, Charles transferred the interest in Harding to the defendant Utopia Land Associates, LLC (hereinafter Utopia). Upon Charles's death, the plaintiff's interest in the properties, including the interest in Harding held by Utopia, passed to Jane. In June 2017, the plaintiff repaid $150,000 of the loan, and Jane reconveyed the plaintiff's interest in Min Dot to the plaintiff. Thereafter, in September 2018, the plaintiff attempted to repay the remaining $350,000 of the loan in exchange for her interest in Harding. However, Jane refused to reconvey the interest. The defendants submitted reply papers raising additional arguments in favor of dismissal, including that the amended breach of contract cause of action violated Real Property Law § 320. In an order entered June 10, 2022, the Supreme Court, inter alia, denied those branches of the defendants' motion which were to dismiss the first through third and fifth causes of action. The defendants appeal.
"'To succeed on a motion to dismiss pursuant to CPLR 3211(a)(1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim'" (Harounian v Harounian, 198 AD3d 734, 736, quoting Teitler v Pollack & Sons, 288 AD2d 302, 302). "'A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law'" (Maursky v Latham, 219 AD3d 473, 475 [alteration omitted], quoting Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077). Here, the deeds submitted by the defendants in support of their motion did not utterly refute or conclusively establish a defense to the plaintiff's claims (see Simmons v Reich, 171 AD3d 1237, 1238; Bouffard v Befese, LLC, 111 AD3d 866, 868).
"The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiffs performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach" (Victory State Bank v EMBA Hylan, LLC, 169 AD3d 963, 965 [internal quotation marks omitted]). "The elements of a cause of action for specific performance of a contract are that the plaintiff substantially performed its contractual obligations and was willing and able to perform its remaining obligations, that defendant was able to convey the property, and that there was no adequate remedy at law" (E & D Group, LLC v Vialet, 134 AD3d 981, 982-983 [internal quotation marks omitted]).
The defendants contend that the alleged secured loan agreement violates Real Property Law § 320 because there is no written loan agreement or other instrument showing that a deed was intended only as security. This contention was improperly raised for the first time in the defendants' reply papers. However, we consider it on appeal because it presents an issue of law that appears on the face of the record and could not have been avoided if brought to the Supreme Court's attention at the proper juncture (see Bellevue Towers & Gardens, LLC v Atlantis Natl. Servs., Inc., 208 AD3d 1300, 1301). Real Property Law § 320 provides, in pertinent part, that a "deed conveying real property, which, by any other written instrument, appears to be intended only as a security in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage." Here, the amended complaint alleged that Charles and Jane prepared the legal documents to effectuate the loan, secured by the properties, that the plaintiff signed those documents, which were kept by Charles, and that Jane could not locate those documents. The plaintiff's contentions therefore bear the hallmarks of a security interest, not an outright conveyance of the properties (see RTT Holdings, LLC v Nacht, 206 AD3d 836, 840). Moreover, "[t]o establish that a deed was meant as security, 'examination may be made not only of the deed and a written agreement executed at the same time, but also [of] oral testimony bearing on the intent of the parties and to a consideration [of] the surrounding circumstances and acts of the parties'" (Henley v Foreclosure Sales, Inc., 39 AD3d 470, 470, quoting Corcillo v Martut, Inc., 58 AD2d 617, 618). Here, the amended complaint sufficiently alleges the existence of a written contract sufficient to defeat the defendants' argument regarding Real Property Law § 320. Whether or not the plaintiff can ultimately prove the existence of a written contract is not part of this calculus (see Magee-Boyle v Reliastar Life Ins. Co. of N.Y., 173 AD3d 1157, 1159). Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging breach of contract and seeking specific performance.
"'To establish promissory estoppel, a party must prove a clear and unambiguous promise, reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained in reliance on that promise'" (Delmaestro v Marlin, 168 AD3d 813, 816, quoting Matter of Weaver v Town of N. Castle, 153 AD3d 531, 534). Here, accepting the facts alleged in the amended complaint as true and affording the plaintiff the benefit of every possible favorable inference, the amended complaint adequately alleges the elements for promissory estoppel (see id.). Contrary to the defendants' contentions, the plaintiff was not required to plead unconscionable injury (see id.) because she was not attempting to enforce a promise in violation of the statute of frauds (see Bent v St. John's Univ., N.Y., 189 AD3d 973, 975-976).
The defendants' remaining contentions are either not properly before this Court or [*2]without merit.
CHAMBERS, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court